THE TEXAS COMPANY V. W. EDWARD LEE ET AL.

No. 7748. Decided December 17, 1941.
Rehearing overruled January 14, 1942.
(157 S. W., 2d Series, 628.)

*John C. Jackson, Wm. E. Loose* and *H. R. Wilson,* all of Houston, for plaintiff in error.

On proposition that evidence produced was insufficient to show title in plaintiff and did not entitle him to recover. Tapp v. Corey, 64 Texas 594; Orr v. Armstrong, 91 S. W. (2d) 710; Robinson v. Wichita County, 106 S. W. (2d) 769; 17 Tex. Jur. 521.

*Wynn & Wynn* and *Lee & Porter,* of Longview, for defendant in error.

Where plaintiff has shown title to the oil and gas in question through regular chain of conveyances from his ancestor, some being corporations, the recitation appearing in a release of oil payment, which is part of said chain of title, showing change of name of corporation is sufficient to show that said corporation is one and the same. Haney v. Gartin, 113 S. W. 166; Huber Pet. Co. v. Quillan, 60 S. W. (2d) 261; Hooper v. Hall, 30 Texas 154; Tunnell v. Moore, 53 S. W. (2d) 324.

MR. JUSTICE SHARP delivered the opinion of the Court.

W. Edward Lee filed this suit in form of trespass to try title, including pleas of five and ten years statutes of limitation, against The Texas Company and others, for title to and possession of a seven-eighths leasehold interest in and to a 1.86 acre tract of land, alleged to be located in the John Blair Survey in Gregg County. The case was tried before the court without a jury, and judgment was rendered in favor of W. Edward Lee. The Texas Company was the only party that appealed to the Court of Civil Appeals at Texarkana, and the judgment of the trial court was affirmed. 135 S. W. (2d) 180.

The Texas Company contends that it affirmatively appears from the undisputed evidence that the only title to the land in controversy, and with which W. Edward Lee sought to connect himself, was such title as C. G. Strong and wife may have acquired, and that such title passed by mesne conveyances into Tidal Oil Company. It is further contended by The Texas Company that the only passage of such title, if any, from Tidal Oil Company into Marathon Oil Company and Tide Water Oil Company, through and under which W. Edward Lee claimed, was by reason of the recital in the release of oil payment from

Mid-Kansas Oil & Gas Company to Tide Water Oil Company, dated February 28, 1934, to the effect that Tidal Oil Company had "by amendment to its Articles of Incorporation changed its name to and is now Tide Water Oil Company," and that such recital was incompetent and insufficient to show or effect transfer of title out of Tidal Oil Company into W. Edward Lee, as The Texas Company was a stranger to such transaction and such instrument was not an ancient one; and that, therefore, W. Edward Lee failed to show title in himself and is not entitled to recover in this suit.

The main contest for the leasehold interest above described was between W. Edward Lee and The Texas Company; which Company answered with a general demurrer, plea of not guilty, general denial, and special pleas of limitation of title. The trial court found that the land in controversy was a part of the Blair Survey, and was embraced within the field notes of a larger tract conveyed by one Thurmond and wife in 1904 to C. G. Strong and wife; that the Strongs' possession of the land thereafter matured into a five-year limitation title; that they were the owners of such title when they executed an instrument conveying a seven-eighths leasehold estate, covering 113 acres out of this survey, to the Mid-Kansas Oil & Gas Company; and that through mesne conveyances W. Edward Lee became the owner of the leasehold estate covering the strip in controversy.

It is assumed, for the purposes of this opinion, that title by limitation had been established in C. G. Strong and wife.

Plaintiff sought to establish his claim to the land by introducing a chain of title containing the following duly recorded instruments:

1. Oil and gas lease from C. G. Strong and wife to Mid-Kansas Oil & Gas Company.

2. Assignment of the above lease to Tidal Oil Company; which assignment reserved to the Mid-Kansas Oil & Gas Company an oil payment of $1,000,000.00, to be paid out of one-third of the seven-eighths mineral interest, and retained a lien to secure the payment thereof.

3. Release of said oil payment and lien by Mid-Kansas Oil & Gas Company to Tide Water Oil Company; in which instru-

ment it was recited that the Tidal Oil Company had by amendment of its charter changed its name to Tide Water Oil Company.

4. Quitclaim deed from Marathon Oil Company and Tide Water Oil Company to W. Edward Lee; such deed reciting that Mid-Kansas Oil & Gas Company had changed its name to Marathon Oil Company, but making no reference to the change in the name of Tidal Oil Company.

The trial court found that, "The plaintiff holds by consecutive chain of assignments from and under the lessee (Mid-Kansas Oil & Gas Co.) in said oil and gas lease."

The controlling question for determination here is whether or not the recitals in the release introduced in evidence, concerning the $1,000,000.00 oil payment and its attendant lien, from the Mid-Kansas Oil & Gas Company to Tide Water Oil Company, and stating that the Tidal Oil Company had changed its corporate name to Tide Water Oil Company, are competent evidence to prove that such corporate name had in fact been changed, and also to establish as a fact that the title to the minerals was in the Tide Water Oil Company, through which W. Edward Lee claims. In this connection, it must be borne in mind that such recital as to change of the corporate name was not made by either the Tidal Oil Company or the Tide Water Oil Company, but was made by the Mid-Kansas Oil & Gas Company; that The Texas Company was a stranger to such instruments; and that the release, being dated February, 1934, was not an ancient instrument.

■ In this State, in a suit for trespass to try title, a plea of not guilty casts upon the plaintiff the burden of proving his own title in order to recover the property. Starr v. Schoellkopf Co., 131 Texas 263, 113 S. W. (2d) 1227; 41 Tex. Jur., p. 482, sec. 24. It, therefore, was essential that W. Edward Lee prove by competent evidence that Tide Water Oil Company and Marathon Oil Company, at the time they executed their quitclaim deed to him on March 27, 1936, were vested with the title to the seven-eighths interest in the oil and gas in and under the strip of land in controversy. Hargis v. Moxon, 34 S. W. (2d) 353; Southern Surety Co. v. Nalle & Co. (Com. App.) 242, S. W. 197.

The burden rested upon W. Edward Lee to establish by competent evidence either that the Tidal Oil Company made

a conveyance to Tide Water Oil Company, or that the Tidal Oil Company by amendment of its charter changed its name. Nelson v. Detroit & Security Trust Co. (Com. App.), 56 S. W. (2d) 860. The only evidence of this change of name was the aforesaid recital in the release from the Mid-Kansas Oil & Gas Company to the Tide Water Oil Company. Unless W. Edward Lee shows that The Texas Company was a party or privy to such recital contained in such release, such testimony would be hearsay. He seeks to avoid the hearsay rule on the ground that the recital is one of pedigree, and that it therefore comes within that exception to the hearsay rule. This Court, in the early case of Chamblee v. Tarbox, 27 Texas 140, held that a recital "of a matter of pedigree, which includes the facts of birth, marriage, and death * * * may be used as original evidence even against strangers." See also Haney v. Gartin (writ refused), 113 S. W. 166; Auerbach v. Wylie, 84 Texas 615, 19 S. W. 856; Russell v. Oliver, 78 Texas 11, 14 S. W. 264; Dittman v. Cornelius, 234 S. W. 880.

For obvious reasons, the rule permitting the introduction of testimony relating to records pertaining to pedigree is more liberal than the rule applied to the introduction of documents relating to land and duly recorded in records kept for that specific purpose. 17 Tex. Jur., p. 600, sec. 250.

■ This case is controlled by the rule announced by this Court in Watkins v. Smith, 91 Texas 589, 45 S. W. 560, in which it was held that *"recitals in a deed are evidence against the parties to such deed and their privies, but not against strangers."* (Emphasis ours.) The foregoing rule has been followed in many cases, some of which are cited here: Lancaster v. Snider, 207 S. W. 560; McCoy v. Pease, 42 S. W. 659; Teagarten v. Patten (writ refused), 107 S. W. 909; Orr v. Armstrong (writ refused), 81 S. W. (2d) 710. Since The Texas Company was neither a party nor a privy to the release under consideration, the recitals contained therein are not binding upon it, and are no evidence of the truth of the recital therein as to the change of the name of the corporation by amendment of the corporate charter.

Under the state of this record, the recital that the Tidal Oil Company is now the Tide Water Oil Company is hearsay, and it is incompetent to establish any fact in the way of a title against the defendant. Such incompetent evidence can never form the basis of a finding of fact or of the

judgment of a court; and this is so whether it be objected to or not. Henry v. Phillips, 105 Texas 459, 151 S. W. 533; Austin Bros. v. Patton (Com. App.), 294 S. W. 537; 17 Tex. Jur., p. 521, sec. 211.

The Texas Company contends that the abstract filed by W. Edward Lee did not comply with Articles 7377, 7378, and 7379, Vernon's Annotated Texas Civil Statutes, in that it contained many instruments not pertinent to the title, claim, or interest of the said W. Edward Lee in and to the land in controversy.

W. Edward Lee filed an abstract of title containing many instruments not pertinent to the issues involved in this suit. The purpose of the statutes is to compel a party to file an abstract of title showing the instruments relied upon to maintain his cause of action, which relate to the title or interest under which he claims, and intended to be used as evidence. Hays v. Hingle (writ refused), 193 S. W. 153; Hayes v. Groesbeck, 69 S. W. 237 (writ refused); 41 Tex. Jur., p. 555, sec. 77. It is not the purpose of the statutes to compel the filing of instruments not relating to the title, and not intended to be used as evidence, and thus put the opposing party to great expense and trouble in investigating them. Since this case will be reversed and remanded as between W. Edward Lee and The Texas Company, W. Edward Lee should comply with the statutes by filing an abstract of title showing the instruments relating to the title involved, and designate the ones he expects to introduce in evidence.

For the reasons herein stated, the judgments of the Court of Civil Appeals and of the trial court are reversed, and this cause is remanded to the trial court to try the issues in controversy between W. Edward Lee and The Texas Company. The judgments of the Court of Civil Appeals and of the trial court in all other respects will be undisturbed.

Opinion delivered December 17, 1941.