**Dr. O. C. COOPER, Appellant,**

v.

**NEON ELECTRIC COMPANY, Inc., Appellee.**

No. 13616.

Court of Civil Appeals of Texas.

Houston.

Feb. 2, 1961.

W. S. Barron, John M. Barron, Bryan, for appellant.

Thomas J. Lykos, Houston, for appellee.

COLEMAN, Justice.

Neon Electric Company, Inc., filed this suit in the 157th District Court of Harris County, Texas, against Dr. O. C. Cooper, a resident of Bryan, Brazos County, Texas. The cause of action was based on debt, which was represented in part by a promissory note. Defendant Dr. O. C. Cooper was alleged to be the partner of Joseph J. Del Marmol, Jr. Defendant filed his plea of privilege to be sued in Brazos County, the county of his residence, and plaintiff filed its controverting affidavit alleging that venue was properly maintainable in Harris County, Texas by reason of Sec. 5, Art. 1995, Vernon's Annotated Civil Statutes of Texas. The Trial Court overruled the plea of privilege and rendered judgment for plaintiff, Neon Electric Company, Incorporated. Defendant has properly perfected his appeal to this Court from the order overruling the plea of privilege as well as from the adverse judgment on the merits of the case.

Subdivision 5 of Art. 1995, Vernon's Annotated Civil Statutes of Texas, reads as follows:

"5. Contract in Writing—If a person has contracted in writing to perform an obligation in a particular county, expressly naming said county, or a definite place therein, by such writing, suit upon or by reason of such obliga-

tion may be brought against him, either in such county or where the defendant has his domicile."

"$1,063.80

"60541

Houston, Texas, January 8, 19 57

in 12 successive monthly installments of $88.65 ea. 30 days after date, I, we, or either of us, promise to pay to the order of Neon Electric Company, Inc., Houston Texas   One Thousand Sixty Three And 80/100------Dollars at the office of the First National Bank in Houston, for value received with interest at the rate of 10% per cent per annum from Maturity until paid.

"The makers and all endorsers, sureties and guarantors, hereby severally waive demand, notice, presentment, protest, suit, notice or dishonor, notice of presentment, notice of nonpayment and notice of protest, upon or against any of the makers, endorsers, sureties or guarantors of this note; and agree that this note may be renewed or extended from time to time without notice to them.

"And in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on the same, or collected through the probate or bankruptcy court, then an additional amount of ten per cent on the principal and interest on this note shall be added to the same as collection fees.

"Failure to pay promptly when due any installments hereon shall be at the election of the holder hereof mature this note in its entirety.

"Del Marmol's Restaurant
"/s/  Joseph J. Del Marmol, Jr.
"2008 Texas Avenue, Bryan, Texas"

The note involved in this case, which was introduced into evidence by plaintiff, reads as follows:

---

In Butler, Williams & Jones v. R. H. Goodrich, 288 S.W.2d 887, we held that where a definite place for performance is named in a written obligation, the county in which such place is located may be proved by evidence extrinsic to the writing. Plaintiff contends that there is evidence in the record sufficient to sustain the court's implied finding that the office of the First National Bank in Houston is located in Harris County, Texas.

Plaintiff discounted the note in question with the First City National Bank of Houston, who thereafter sent to plaintiff their check for the net proceeds together with a printed form letter signed "The First National Bank in Houston, 201 Main Street, P. O. Box 2519, Houston 1, Texas." Certain information concerning Del Marmol's Restaurant with its address, the amount of note, the number and amount of payments was typed on this printed form.

On the back of the note quoted, which was introduced into evidence without objection, there appear the words "Neon Electric Co., Inc., Stanley Fitzgerald, Pres." and thereunder the further words "Pay to the order of Neon Electric Co. without recourse on us First City National Bank of Houston, Texas By /s/ W. L. Diamond A. V. P." Both instruments, insofar as they are used to prove the facts therein stated, i. e., that the First National Bank of Houston has an office in the City of Houston, Texas, are hearsay and would not have been admissible, over proper objection, for that purpose. McCormick & Ray, 2d Ed., Texas Law of Evidence, § 790, p. 574. Such evidence, therefore, is incompetent to establish any fact and cannot form the basis of a finding of fact or of the judgment of a court, and this is so whether it be objected to or not. Texas Company v. Lee, 138 Tex. 167, 157 S.W.2d 628.

There being no other evidence in the record to support a finding that the First National Bank in Houston is located in Harris County, Texas, this cause must be reversed and here remanded directing the transfer of this cause to Brazos County, Texas, the county of defendant's residence. In view of this action of the Court, the judgment of the trial court on the merits will be reversed and remanded.