Charles E. WOODS et ux., Appellants,

v.

Karl THUEMLER, Appellee.

No. 12049.

Court of Civil Appeals of Texas, Austin.

May 23, 1973.

Fred Riepen, Tynes & Michalek, Houston, for appellants.

Arno W. Krebs, Jr., Fulbright, Crooker & Jaworski, Houston, for appellee.

SHANNON, Justice.

This is an appeal from an order sustaining appellee's plea of privilege and pertains to Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995, § 9a.

Appellants, Charles E. Woods and wife, Marion Woods, sued appellee, Karl Thuemler, in the district court of Bastrop County for injuries allegedly received in a pickup-automobile collision on State Highway 71, in Bastrop County. Appellee filed a plea of privilege to be sued in Fayette County. Appellants filed a controverting affidavit asserting that the district court of Bastrop County had venue by reason of Tex.Rev.Civ.Stat.Ann. art. 1995, § 9a, and alleging that appellee's negligent conduct proximately caused appellants' damages. Upon trial to the court, judgment was entered sustaining appellee's plea of privilege and ordering the cause transferred to the district court of Fayette County.

The sole question on appeal is whether appellants established by a preponderance of the evidence that appellee was the driver of the pickup with which they collided.

In an effort to discharge their burden appellants produced two witnesses, appellant Woods and the investigating highway patrolman, Tommy J. Moseley. Appellee did not testify and did not call any witnesses.

The only testimony with respect to the identity of the pickup driver follows. Woods testified that the other driver was injured and that he rode in the ambulance with that person to the hospital. That person was ". . . raving and talking about the wreck and . . . just screaming—you know, talking," and he did not tell Woods his name, address, "or anything about his family." In response to the question, "Did you then learn at the hospital the name of that man?", Woods replied that he did and that the name was Thuemler.

Officer Moseley went to Brackenridge Hospital in Austin because someone had told him that the pickup driver had been taken there. He asked someone at the hospital to direct him to the room where Karl Thuemler was. Officer Moseley tried to talk to the person in that room but that person was incoherent and ". . . wasn't making any sense." Moseley "couldn't say for sure" but he believed he checked to see in whose name the pickup was registered. In this connection, the officer said, "Like I say, I don't remember exactly, but I must have because I have his name and the pickup, I believe, is registered to him (Thuemler)."

What evidence there was with respect to the identity of the driver of the pickup was hearsay. Hearsay evidence, though admitted without objection, is without probative force. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628 (1941), Aetna Insurance Company v. Klein, 160 Tex. 61, 325 S.W.2d 376 (1959), 1 McCormick and Ray, Texas Law of Evidence § 31 (1956).

The judgment is affirmed.

Affirmed.