**Marcella COVAULT, Appellant,**

v.

**TEXAS INSTRUMENTS, INC., Appellee.**

No. 868.

Court of Civil Appeals of Texas, Tyler.

Dec. 18, 1975.

Gary Allmon Grimes, Schuerenberg, Grimes & Pratt, Mesquite, for appellant.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

MOORE, Justice.

This is an appeal from a summary judgment.

Upon the death of Dennis Covault, an employee of Texas Instruments, Inc., group life insurance proceeds of $327,000.00 became due under policies issued by Insurance Company of North America and Connecticut General Life Insurance Company. The policy records reflected his minor daughter, Susan, to be the beneficiary with the Republic National Bank of Dallas as trustee. His second wife, Marcella Covault, however, also made claim to the proceeds contending that Dennis had changed the beneficiary designation on the policies in her favor. The insurance companies brought an interpleader action in Federal Court and both Susan and Marcella asserted their claims to the proceeds. Thereafter, Marcella settled and compromised her claim agreeing that approximately 90% of the proceeds be paid to Susan and accepting $32,000.00 of the proceeds in full discharge of her claim.

After settling her claim in the interpleader action, Marcella, as plaintiff, filed suit against Texas Instruments, Dennis' employer. In her petition she alleged that Dennis had changed the group life insurance beneficiary in her favor prior to his death but that Texas Instruments negligently failed to reflect that change in its insurance records, thereby causing her a loss of $295,000:00, the difference between the face amount of the life insurance policies and the $32,000.00 she accepted in settlement of the interpleader action. Texas Instruments filed a motion for summary judgment. The trial court granted the motion, reciting that plaintiff, Marcella, take nothing against defendant, Texas Instruments, Inc. Marcella has taken this appeal, contending that the trial court erred in rendering summary judgment "because the record contains admissible summary judgment evidence which creates a question of fact concerning Appellant's allegation that her husband executed a change of beneficiary form in her favor."

■ A summary judgment is appropriate only if the summary judgment record establishes a right thereto as a matter of law. Thus, it is well established that a defendant moving for summary judgment assumes the negative burden of showing as a matter of law that the plaintiff has no cause of action against him. *Adam Dante Corporation v. Sharpe*, 483 S.W.2d 452, 455 (Tex.1972); *Gaddis v. Smith*, 417 S.W.2d 577, 582 (Tex. 1967).

■ Where a summary judgment is granted upon the motion of the defendant, as here, the question on appeal and in the trial court is not whether the summary proof raises fact issues with reference to essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970).

■ The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972).

■ Both of the group life policies in question provided that no change of beneficiary would take effect until the written change of beneficiary form is received by the insurance companies, or by the deceased's employer, Texas Instruments, Inc. Thus, one of the essential elements of appellant's cause of action was that the deceased delivered to Texas Instruments an executed change of beneficiary form naming her as beneficiary. Consequently, in order for appellant to maintain a tort action for negligence against Texas Instruments she would be required to allege and prove: (1) that Dennis Covault executed and delivered to Texas Instruments a written change of beneficiary form naming her as the new beneficiary; (2) that Texas Instruments then negligently lost or failed to record the change, and (3) that such conduct was the proximate cause of appellant's failure to collect the other 90% of the insurance proceeds which went to Dennis Covault's daughter. Therefore, when Texas Instruments moved for summary judgment it assumed the burden of showing that there was no genuine issue of fact as to at least one of the above elements. *Gibbs v. General Motors Corporation*, supra. If the summary judgment proof had the effect of disproving appellant's contention that Dennis Covault executed a change of beneficiary form and delivered it to Texas Instruments, as plead, then Texas Instruments met its summary judgment burden and its motion was properly granted. *Adam Dante Corporation v. Sharpe*, supra; *Gaddis v. Smith*, supra.

The summary judgment proof consisted of the deposition of Mrs. Covault; Texas Instruments' answers to appellant's interrogatories and depositions of past and

present employees of Texas Instruments. We will first look at the evidence in the light most favorable to appellant, as we are required to do, to determine whether there is any evidence suggesting that Dennis Covault executed and delivered a change of beneficiary form to Texas Instruments. Charlene Wienke, a Texas Instruments' employee in the Insurance Department, testified that Dennis came to see her about adding Mrs. Covault to his medical and accidental death coverage before he married appellant. She also testified that she gave a packet of forms to Jim Tindle to give to Dennis to enable him to add appellant to the medical and accidental death coverage and that although Dennis did not request it, the packet contained a change of beneficiary form for the group life insurance. Jim Tindle testified that Dennis took the forms from his office and later returned some of them completed. Tindle did not go through that packet and therefore could not say exactly what forms were in the packet which Dennis returned to him. He testified that he turned the packet over to the Insurance Office without looking at them. Charlene Wienke testified that some insurance forms from the packet were completed by Dennis but that no change of beneficiary card on the group life was with these returned forms. The only testimony offered by appellant to support her position is to be found in her deposition wherein she testified that Dennis had told her that he executed a change of beneficiary form in her favor on the group life insurance and had delivered the form to Texas Instruments. She also testified that other persons had told her that Dennis told them that appellant was taken care of on life insurance.

The testimony of appellant concerning what Dennis told her and others that he had done in regards to changing the beneficiary is, of course, hearsay. It is out of court statements of Dennis Covault being offered in court for the truth of the matters contained therein and as such is clearly hearsay. *Hartford Accident & Indemnity Co. v. McCardell,* 369 S.W.2d 331,

337 (Tex.1963); 1 C. McCormick & R. Ray, Texas Evidence, sec. 781 (2d ed. 1956). Appellant contends that the testimony is subject to an exception to the hearsay rule and thus may be considered. She argues that evidence of declarations of a plan, design or intention presently entertained by a declarant is admissible when offered as evidence that the plan was carried out. Appellant's testimony, however, is that Dennis made statements to her after the purported event had already occurred; therefore, the declaration did not relate to Dennis' present intent or future plans but rather to his past conduct. Statements of a declarant, whether deceased or not, concerning the declarant's past conduct are hearsay and do not come within any of the exceptions to the hearsay rule. *In re Simm's Estate,* 442 S.W.2d 426, 434 (Tex.Civ.App.—Texarkana 1969, writ ref'd n.r.e.); *West v. Austin National Bank,* 427 S.W.2d 906, 909 (Tex.Civ. App.—San Antonio 1968, writ ref'd n.r.e.); 1 C. McCormick & R. Ray, Texas Evidence, sec. 895 at 670 (2d ed. 1956). Hearsay evidence is no evidence at all. It is wholly incompetent and without probative force, thus it can never form the basis for establishing a cause of action or of a finding of fact or of the judgment of the court, whether objected to or not. *Texas Co. v. Lee,* 138 Tex. 167, 157 S.W.2d 628, 631 (1941); *Pan American Fire & Casualty Company v. Loyd,* 411 S.W.2d 557, 560 (Tex.Civ.App.— Amarillo 1967, no writ); *Keystone-Fleming Transport v. City of Tahoka,* 277 S.W.2d 202, 208 (Tex.Civ.App.—Amarillo 1954, writ dism'd). Neither will it defeat a motion for summary judgment. *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317, 319 (1961); *Raney v. Mack,* 504 S.W.2d 527, 532 (Tex.Civ.App.— Texarkana 1973, no writ). Therefore, appellant's testimony that Dennis told her and others that he had executed and delivered a change of beneficiary form does not constitute probative evidence showing that the deceased changed his beneficiary.

Thus, the record contains no evidence that the deceased delivered a change of beneficiary form to Texas Instruments as

required by the policy. On the other hand, Texas Instruments' uncontradicted summary judgment evidence shows that no change of beneficiary form was ever delivered to it and that after an exhaustive search of its records none could be found. The evidence further shows that the standard change of beneficiary forms used by the insurance companies contained a duplicate copy. A search was made through the deceased's desk as his home where various other insurance papers were kept, but no copy of the change of beneficiary form could be found. Further, Charlene Wienke positively testified that no change of beneficiary form was in the packet of forms which the deceased returned to Texas Instruments.

While we recognize that appellee's summary judgment proof consists mainly of the testimony of interested witnesses, we find that the testimony is clear, direct and positive. There being no circumstances in evidence tending to discredit or impeach such testimony, we are permitted to consider it. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

As we view the record, the summary judgment proof conclusively established that there was no genuine issue of fact on the essential element of appellant's claim that Dennis Covault delivered an executed change of beneficiary form to Texas Instruments. Therefore, Texas Instruments met its summary judgment burden and its motion for summary judgment was properly granted.

The judgment of the trial court is affirmed.