Dennis BOETTCHER et al., Appellants,

v.

Curtis GOULD et al., Appellees.

No. 12858.

Court of Civil Appeals of Texas, Austin.

Feb. 28, 1979.

Rehearing Denied March 14, 1979.

William H. Shireman, La Grange, for appellants.

Allen I. Schneider, Giddings, for appellees.

PHILLIPS, Chief Justice.

The plaintiffs below, appellees here, brought suit against appellants in trespass to try title claiming land that once comprised an old roadway, since abandoned, lying between their respective properties. Trial was to the court which rendered judgment for the plaintiffs/appellees. We reverse and render judgment.

Appellees and appellants are adjoining property owners. The property line depicted in the record titles of the parties hereto runs approximately north and south. The appellees, Brown, the Goulds, and the Parkers, own property to the east of this line and appellants, two Boettcher brothers, own property to the west of the line. The abandoned roadway in question is a narrow strip with its eastern edge more or less following the boundary line between appellants and appellees and the western edge of the road extending into appellants' land. The boundary between appellants' and appellees' properties is also the dividing line between four different original surveys in Lee County.

Appellees contended that they owned the 4½-acre tract in controversy by adverse possession. Their claim was based on the fact that the roadway had been under fence along its west side in excess of forty years, thereby including the disputed tract with appellees' land.[1] The court found that appellees adequately established adverse possession. The court then rendered judgment for a portion of the strip in question (approximately 3½ acres of land in all) in favor of the respective appellees whose land abutted the roadway. Ernest Boettcher was held to have adversely possessed a one-acre portion of the roadway, based upon his actions in moving part of the fence to the east side of the roadway. Appellants by appropriate points of error have challenged the court's judgment.

■ The record is in conflict as to who first built the fence along the west side of the road and for what purpose. Appellee Brown testified as follows:

". . . according to reliable information, that fence was there when the

---

1. Appellee Parker was not claiming any part of the roadway, but only a narrow strip on the east side of the lane.

road was put in in 1930. That road was grubbed out and put in in 1930 is when it was put in. That was the lane that you have had reference to.

"That fence was always on the west side of that lane. Now, I'm talking about this 436 feet here, which involves my dispute with Dennis Boettcher over this. This area has never been under Boettcher fence. It has either been under—it has been under the Brown or the Brown family fence for how many, 45 years or longer."

This testimony was hearsay and as such could not be used to prove who erected the fence. The record discloses that appellee Brown was less than two years old when the road was built. See *Southern Pine Lumber Co. v. Hart,* 161 Tex. 357, 340 S.W.2d 775 (1960); *Radford v. Hill,* 185 S.W.2d 129 (Tex.Civ.App.1944, writ ref'd w. o. m.). There are no facts bringing this testimony within an exception to the hearsay rule.

The only other testimony concerning the origin of the fence was also hearsay. The appellants stated that the county built the fence at the time the road was created. Appellants received this information from their father, who had been so informed by a local bank when he purchased the land.

Hearsay is incompetent evidence and can never form the basis of a judgment of the court, and this is true even though there was no objection. See, e. g., *Texas Co. v. Lee,* 138 Tex. 167, 157 S.W.2d 628 (1941); *Covault v. Texas Instruments, Inc.,* 531 S.W.2d 441 (Tex.Civ.App.1975, no writ).

The record thus discloses that the fence along the west side of the roadway was built by people unknown. The appellees maintained the fence. Appellees never paid any taxes on the land in controversy. They never indicated to anyone (until relatively recently when the dispute erupted) that they were holding the land adversely to appellants' rights of ownership. The only evidence of adverse use of the property was the assumption by all of the parties hereto that appellees' cattle had grazed on the strip at some times in the past. Appellees had run cattle from time to time in their fields adjoining the strip in controversy, and as there was no fence to stop them, a cow or two must have wandered into the strip and nibbled some grass.

These facts are inadequate to ripen the claim of adverse possession under any statute. See *McDonnold v. Weinacht,* 465 S.W.2d 136 (Tex.1971); *Orsborn v. Deep Rock Oil Corp.,* 153 Tex. 281, 267 S.W.2d 781 (1954). See also this Court's opinion in *Cunningham v. Ott,* 564 S.W.2d 413 (Tex. Civ.App.1978, no writ).

The judgment of the trial court is reversed and we herewith render judgment that appellees take nothing by their suit.

Reversed and Rendered.