Robert EIKEL, Appellant,

v.

Lyn A. CORRY, Appellee.

No. 01–84–0468–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 28, 1985.

Robert Eikel, Eikel & Davey, Houston, for appellant.

Michael Klein, Fulbright & Jaworski, Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

COHEN, Justice.

An automobile collision between the parties led to a jury trial resulting in a verdict and judgment that the appellee was not negligent. In his sole point of error, the appellant contends that hearsay evidence was improperly admitted, thereby causing the rendition of an improper judgment. Trial occurred before September 1, 1983,

the effective date of the new Texas Rules of Evidence.

The appellant's automobile entered an intersection where it was struck and damaged by the automobile driven by the appellee. At trial, the appellee offered into evidence a chart correlating minimum stopping distance with speed as evidence that, between the time appellee saw the appellant's car and the time of impact, the appellee's vehicle could not have been stopped. The chart measured "perception distance," "reaction distance," and "skid distance," at speeds from five to 80 miles per hour.

The appellant objected to the chart, but did not mention hearsay, the basis for his point of error. He stated: "I object to it because it is a general chart. It is not supported by any evidence." The Court overruled the objection and admitted the chart into evidence.

■ At the time this case was tried, hearsay evidence was not merely inadmissible, it was incompetent. It had no probative value, even if admitted without objection, and, it would not, standing alone, support a judgment. *Cooper Petroleum Co. v. LaGloria Oil & Gas Co.*, 436 S.W.2d 889, 891 (Tex.1969); *Aetna Ins. Co. v. Klein*, 160 Tex. 61, 68, 325 S.W.2d 376, 381 (1959). Therefore, the error asserted on appeal can be considered, despite the lack of a hearsay objection in the trial court, because an objection to incompetent hearsay was not required in order to preserve error. *Texas Co. v. Lee*, 138 Tex. 167, 171–72, 157 S.W.2d 628, 631 (1941).

■ Experts may testify regarding braking time, *see Missouri-Kansas-Texas R. Co. v. Hamilton*, 314 S.W.2d 114, 123 (Tex.Civ.App.—Dallas 1958, writ ref'd n.r. e.), and stopping distance, *see Rogers v. Gonzales*, 654 S.W.2d 509, 512–14 (Tex. App.—Corpus Christi 1983, writ ref'd n.r. e.). There was no expert testimony in the case at bar, however; there was only a chart. Thus, there was no way to test by cross-examination the truth of the chart's conclusions. *Texas Employers' Insurance Ass'n v. Nixon*, 328 S.W.2d 809 (Tex.Civ. App.—Houston 1959, writ ref'd n.r.e.).

■ The appellee contends that the Court should have taken judicial notice of the information represented by the chart, but it cites no cases authorizing judicial notice of such facts. Courts have judicially noticed a normal driver's reaction time, but they have not judicially noticed the correlation of minimum stopping distance with speed. *See Samford v. Duff*, 483 S.W.2d 517, 525 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.).

■ In the present case, the principal issue was whether the appellee kept a good lookout and had her car under control. Thus, an important question was whether she had applied her brakes in time to avoid the collision. The testimony on that issue was in sharp dispute, and the chart, which strongly supported the appellee's version, undoubtedly affected the verdict. The chart was improperly admitted over the appellant's objection, and we find that the error was calculated to cause and probably did cause the rendition of an improper judgment. Tex.R.Civ.P. 434; *see Chapa v. United States Fire Insurance Co.*, 644 S.W.2d 823, 827 (Tex.App.—Corpus Christi 1982, no writ). We therefore sustain the appellant's point of error.

The judgment is reversed, and the cause is remanded for a new trial.