ACCEPTED
14-15-00269-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
4/2/2015 6:03:43 PM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00269-CV**

_____

IN THE
FOURTEENTH COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/2/2015 6:03:43 PM
CHRISTOPHER A. PRINE
Clerk

_____

GRACE INSTRUMENT INDUSTRIES, LLC
*Appellant*,

V.

MELDEN SCHMIDT AND OFI TESTING EQUIPMENT, INC.
*Appellee*.

_____

**MOTION FOR EXTENSION OF TIME
TO FILE APPLICATION FOR INTERLOCUTORY APPEAL**

_____

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Appellant files this Motion for Extension of Time to File an Application for an Interlocutory Appeal under Tex. R. App. P. 28.3(d) and 10.5(b). In support of this motion, Appellant shows the following:

1. The 113th District Court in Houston, TX granted a No Evidence Summary Judgment in favor of Appellees on March 2, 2015. Section 51.014(f) of the Texas Civil Practice and Remedies Code provides that the appellate court may accept an appeal if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate

jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted. See TEX. CIV. PRAC. & REM. CODE 51.014(f).

2. Section 28.3 of the Texas Rules of Appellate Procedure governs permissive appeals in civil cases. The Court of Appeals may grant a permissive appeal if the application is filed in the Court of Appeals 15 days after the order to be appealed is signed. The Court of Appeals may grant an extension if the petition is filed within 15 days of the deadline. This application substantially complies with Section 28.3(d) of the Texas Rules of Appellate Procedure since it has been filed within 15 days of the deadline to file petition for an interlocutory appeal. Out of an abundance of caution the Appellant timely filed a notice of appeal in the District Court on March 23, 2015.

3. Appellant Grace Instruments requests an extension of time of forty-five days, to May 15, 2015. This extension would allow the 113th District Court to make a final ruling on the Appellant's Motion for Interlocutory Appeal.

4. Appellant relies on the following facts as a reasonable explanation for the requested extension of time. Appellant needed additional time to secure funding to pursue an immediate appeal of this matter. Out of an abundance of caution Appellant's counsel filed Notice of Appeal on March 23, 2015 based upon the Appellant's expressed desire to file an appeal. The Appellant has not filed any prior requests for extension.

## PRAYER

Therefore, Appellant prays that this Court grant this motion for Extension of Time.

Respectfully Submitted,



_____

Alfonso Kennard, Jr.
Texas Bar No. 24036888
Ronald E. Dupree
Texas Bar No. 24055433
5433 Westheimer, Suite 825
Houston Texas 77056
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR GRACE INSTRUMENT INDUSTRIES, LLC**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on opposing counsel of record via the court's ECF system on this 1st day of April 2015.


John N. Bowlin
Shannon A.S. Quadros
1200 Smith Street, Suite 1400
Houston, Texas 77002
Fax No. 713-658-2553


_____
Alfonso Kennard, Jr.

**No. 14-15-00269-CV**

_____

IN THE
FOURTEENTH COURT OF APPEALS

_____

GRACE INSTRUMENT INDUSTRIES, LLC
*Appellant*,

v.

MELDEN SCHMIDT AND OFI TESTING EQUIPMENT, INC.
*Appellee*.

_____

**APPENDIX IN SUPPORT OF MOTION FOR EXTENSION OF TIME
TO FILE APPLICATION FOR INTERLOCUTORY APPEAL**

_____

| Exhibit | Description |
|---------|-------------|
| 1 | Application for Interlocutory Appeal |
| 2 | Defendant's No Evidence Motion for Summary Judgment |

Respectfully submitted,



   /s/ Alfonso Kennard, Jr.
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No: 713316
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR APPELLANT**

**OF COUNSEL**

Ronald E. Dupree
Texas SBN: 24055433
5433 Westheimer Road, Suite 825
Houston, Texas 77056
Phone: (713) 742-0900
Facsimile: (713) 742-0951
Email: Ronald.dupree@kennardlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2015 a true and correct copy of the foregoing was served upon Defendant's counsel via the electronic notification system provided by the federal court system.

/s/ Alfonso Kennard, Jr.
Alfonso Kennard, Jr.

# EXHIBIT 1

**No. 14-15-00269-CV**
_____

IN THE
FOURTEENTH COURT OF APPEALS
_____

GRACE INSTRUMENT INDUSTRIES, LLC
*Appellant*,

V.

MELDEN SCHMIDT AND OFI TESTING EQUIPMENT, INC.
*Appellee*.
_____

**APPLICATION FOR INTERLOCUTORY APPEAL**
_____

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Appellant files this Application for an Interlocutory Appeal under Section 51.014(f) of the Texas Civil Practice and Remedies Code. In support of this motion, Appellant shows the following:

1. The 113th District Court in Houston, TX granted a no evidence summary judgment in favor of Appellees on March 2, 2015.

2. This Court should permit this appeal because the District Court's decision involves a controlling question of law as to which there is substantial ground for a difference of opinion. An immediate appeal from the District Court's Order may materially advance the ultimate termination of the litigation.

3.    Appellee moved for a no evidence summary judgment arguing in large part that Grace Instrument Industries had no standing to enforce the non-disclosure agreement with its former employee Melden Schmidt due to its name change from "Grace Instrument Company, Inc." to "Grace Instrument Industries, LLC."  See Exhibit 1.  The district court's order granting the Appellees' no evidence summary judgment involves a controlling question of law because the Texas Supreme Court has established that a company's change of name does not prevent it from its own agreements.  *See In re H&R Block Financial Advisors, Inc.*, 235 S.W. 3d 177 (Texas 2007).  "Under ordinary legal principals, a contracting party that has merely changed its name is still a contracting party."  *See e.g. Coulson v. Lake LBJ Mun. Util. Dist.*, 781 S.W.2d 594, 595 (Tex. 1989); *Texas Co. v. Lee*, 138 Tex. 167, 157 S.W.2d 628, 630 (1941).  *See also Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 207 (2d Cir.2005); *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757 (11th Cir.1993).  The Court of Appeals has also held that the appropriate mechanism to correct standing would be the Appellee to file a Special Exception. *See Smith v. CDI Rental Equipment*, 310 S.W. 3d 559 (Tex. App.-Tyler 2010).

4.    Appellant requests that the Court of Appeals accept this appeal due to the substantial difference of opinion between the 113th District Court and the Supreme Court of Texas and the Court of Appeals in Tyler regarding these issues.  The

immediate appeal of this order may materially advance the ultimate termination of this litigation.

## PRAYER

Wherefore, premises considered, Appellant prays that this Court accept this Application for Interlocutory Appeal.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Ronald E. Dupree
Texas Bar No. 24055433
5433 Westheimer, Suite 825
Houston Texas 77056
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR GRACE INSTRUMENT INDUSTRIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on opposing counsel of record via the court's ECF system on this 1st day of April 2015.

John N. Bowlin
Shannon A.S. Quadros
1200 Smith Street, Suite 1400
Houston, Texas 77002
Fax No. 713-658-2553

_____
Alfonso Kennard, Jr.

# EXHIBIT 2

CAUSE NO. 2014-33726

| | | |
|---|---|---|
| GRACE INSTRUMENT | § | IN THE DISTRICT COURT |
| INDUSTRIES, LLC | § | |
| | § | |
| v. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| MELDEN SCHMIDT AND | § | |
| OFI TESTING EQUIPMENT, INC. | § | 113th JUDICIAL DISTRICT |

## DEFENDANTS, MELDEN SCHMIDT AND OFI TESTING EQUIPMENT, INC.'S, NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

Defendants, Melden Schmidt ("*Schmidt*") and OFI Testing Equipment, Inc. ("*OFITE*") (collectively "*Defendants*"), file this no-evidence motion for summary judgment as to Plaintiff, Grace Instrument Industries, LLC's, causes of action filed against Defendants for common-law trade secret misappropriation, breach of fiduciary duty and tortious interference with prospective business relations, and against defendant Schmidt only for violating the Texas Theft Liability Act and breach of contract. In support thereof, Defendants show the Court as follows:

### INTRODUCTION

1.    This lawsuit filed by Grace Instrument Industries, LLC[1] ("*Grace*" or "*Plaintiff*") is nearly identical to a lawsuit filed in 2012 by Grace Instrument Company ("*GIC*"),[2, 3] an affiliated entity. In the 2012 lawsuit, it was alleged, among other things, that Defendants misappropriated GIC's trade secrets. In the current lawsuit, Grace alleges that Schmidt was its employee as

---

[1] According to the Texas Secretary of State's website, Grace Instrument Industries, LLC was formed on November 29, 2012, and has operated under the assumed name Grace Instrument Company since December 18, 2012. According to its most recently filed Texas Franchise Tax Public Information Report dated March 15, 2013, found on the Texas Secretary of State's website, Hongfeng Bi is the President of Grace Instrument Industries, LLC.

[2] According to the Texas Secretary of State's website, Grace Instrument Company's Certificate of Termination of a Domestic Entity was filed and effective on September 3, 2013. Its then-President, Hongfeng Bi, signed the Certificate of Termination.

[3] *See* Cause No. 2012-33316; *Grace Instrument Company v. Melden Schmidt and OFI Testing Equipment, Inc.*; In the 113th Judicial District Court of Harris County, Texas.

opposed to GIC's. Notably, GIC terminated its existence in 2013 and ceased to be a valid entity in Texas. Both OFITE and Grace are manufacturers of oil & gas instrumentation and measurement tools. In the 2012 lawsuit, GIC's request for injunctive relief was denied, after which it non-suited, without prejudice, all its claims against Schmidt and OFITE.

2.      In this lawsuit, as with the 2012 suit, both Schmidt and OFITE have been sued for common-law trade secret misappropriation, breach of fiduciary duty and tortious interference with prospective business relations, and Schmidt only for violating the Texas Theft Liability Act and breach of contract.[4] In this suit, a temporary restraining order was requested but denied.

3.      Defendants answered this lawsuit with a general denial and several affirmative defenses. Also, Defendants counterclaimed against Grace requesting sanctions for the filing of a frivolous lawsuit; requesting a declaratory judgment that Schmidt has not breached the terms of the Employee Invention and Confidential Information Agreement ("*Employee Agreement*"); and seeking a declaration that Defendants have not misappropriated, disclosed or allowed for the unauthorized use of Grace's alleged trade secret information. Defendants also request their attorney's fees.

### BACKGROUND

4.      Grace designs and manufactures industrial products for measurement, display and control of process variables in the oil and gas industry. Grace's President and owner is Hongfeng "Frank" Bi. Over seven years ago, on or about November 16, 2007, GIC (not the Plaintiff in this lawsuit) hired Schmidt as its Business Development and Technical Sales Representative. Upon starting his employment at GIC, Schmidt signed the Employee Agreement which set forth Schmidt's obligations to GIC with regard to GIC's confidential and proprietary information. GIC

---

[4] In both suits, it is alleged that Schmidt breached the Employee Invention and Confidential Information Agreement between by Schmidt and GIC on November 16, 2007.

2

laid-off Schmidt in February 2010. In May 2010, Schmidt began working at OFITE as its Business Development Manager. Schmidt is currently still employed by OFITE.

5.      Schmidt has no contractual or former employment relationship with Grace, the Plaintiff in this case but Grace nonetheless alleges in its verified pleading that, "Schmidt has provided OFITE with Grace Instrument's intellectual property and trade secrets, including design specifications and technical information for operation of the M4600, M7500LSM, M9100 and M9300." *See* attached Exhibit A, Original Petition at p. 9 ¶ 33. Grace also alleges that, "Schmidt violated his fiduciary duty and duty of loyalty by misappropriating Grace Instrument's intellectual property and trade secret information for his personal use and for the use of OFITE." Exhibit A, Original Petition at p. 10 ¶ 35.

6.      Schmidt has never had any relationship with Grace Instrument Industries, LLC, the plaintiff in this proceeding.

7.      Further, Grace's petition alleges that, "Defendant's [sic] have tortiously interfered with Grace Instrument's business relationships with those customers who would have otherwise purchased Grace Instrument's products through its misuse and utilization of Petitioner's [sic] intellectual property and trade secrets, breaches or assisted breaches of fiduciary duty, and other ways asserted in this action." Exhibit A, Original Petition at p. 11 ¶ 38. Grace claims that, "Schmidt violated the Texas Theft Liability Act by taking trade secret and other confidential information in which Grace Instrument had a possessory right." Exhibit A, Original Petition at p. 10 ¶ 37.

8.      Finally, Grace alleges in its petition that, "Upon information and belief, in or about May 2010, Schmidt began a course of conduct that violated his non-disclosure obligations and duties of loyalty to Grace Instrument under Texas law," and that, "Grace Instrument is also entitled

3

to recover attorney's fees for Schmidt's breach of his Confidentiality Agreement with the Company." Exhibit A, Original Petition p 5 ¶ 17, p. 11 ¶ 39.

## GROUNDS FOR SUMMARY JUDGMENT

9.     The Court should grant this no-evidence summary judgment in Defendants' favor because, after adequate time for discovery, Grace has no evidence of one or more essential elements of its claims against both Defendants for common-law trade secret misappropriation, breach of fiduciary duty and tortious interference with prospective business relations, and has no evidence of one or more essential elements of its claims against Schmidt for violating the Texas Theft Liability Act and breach of contract.  All of these claims are those for which Grace has the burden of proof at trial.  TEX. R. CIV. P. 166a(i).  Most importantly, defendant Schmidt's relationship and duties were with GIC, a now non-existent entity.  Plaintiff Grace has not provided any evidence as to how it is entitled to enforce a claim belonging to GIC, a non-existent, third-party entity. .

## NO-EVIDENCE SUMMARY JUDGMENT

10.     To succeed on a no-evidence motion for summary judgment against a plaintiff's cause of action, the defendant must allege that, after an adequate time for discovery, there is no evidence of an essential element of the plaintiff's cause of action.  TEX. R. CIV. P. 166a(i); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).  If the defendant meets its burden, the burden shifts to the plaintiff to produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged element.  TEX. R. CIV. P. 166a(i); *see Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).  The evidence must be sufficient to allow reasonable and fair-minded people to differ in their conclusions on whether the challenged fact exists; evidence that raises only a speculation or surmise is insufficient.  *Id.*  If less than a scintilla

4

of evidence is produced, the defendant is entitled to a summary judgment on the plaintiff's cause of action.

**A.      An Adequate time for discovery has passed.**

11.      Schmidt and OFITE are entitled to a no-evidence summary judgment on Grace's causes of action because Grace has had adequate time for discovery and bears the burden of proof on its multiple causes of action. Specifically, Grace has had an adequate time for discovery because this case has been on file since June 11, 2014; the parties have exchanged documents; and Hongfeng "Frank" Bi, the President of Grace, and defendant, Schmidt, have been deposed.

**B.      Grace has not demonstrated any relationship between itself and Schmidt or the right to enforce a claim of the non-existent third-party entity GIC.**

12.      GIC, Schmidt's former employer, terminated its existence on September 3, 2013. *See* attached Exhibit B, Certified Copy of Entity Termination. Schmidt's employment relationship and contractual confidentiality obligations were solely to GIC. *See* attached Exhibit C, Employee Agreement between Schmidt and GIC (also attached as Exhibit A to Grace's Original Petition). Notably, even though Plaintiff Grace currently uses the d/b/a Grace Instrument Industries, Plaintiff Grace did not exist at the time of Schmidt's employment with GIC. *See* attached Exhibit D, Articles of Incorporation of Plaintiff Grace; *see also* attached Exhibit E, Grace's d/b/a filing.

13.      Given that Schmidt was employed by GIC and then terminated two years before Plaintiff Grace was formed in 2012, Plaintiff Grace has no evidence to show how it is entitled to enforce obligations owed, if any, by Schmidt to GIC. Plaintiff Grace also has no evidence as to how it is entitled to prosecute a claim, if any, on the part of GIC, a third-party entity that ceased to exist as of September 2013.

5

**C.** **There is no evidence of essential elements of Grace's cause of action against Defendants for common-law trade secret misappropriation.**

14. Defendants are entitled to a no-evidence summary judgment on Grace's cause of action for common-law trade secret misappropriation because there is no evidence to support at least one of the essential elements of Grace's cause of action. To prevail on a cause of action against Defendants for common-law trade secret misappropriation, Grace must prove the following:

    a. Grace owned a trade secret;

    b. Defendants used or disclosed the trade secret:

        (1) in violation of a confidential or contractual relationship with Grace,

        (2) after acquiring the trade secret by improper means, or

        (3) after acquiring the trade secret from a third party with notice that the third party's disclosure was improper;

    and;

    c. Grace suffered injury.

*K&G Oil Tool & Serv. v. G&G Fishing Tool Serv.*, 314 S.W.2d 782, 787-88 (Tex. 1958) (element b(1), (2)); *Cuidado Casero Home Health v. Ayuda Home Health Care Servs.*, 404 S.W.3d 737, 744 (Tex. App.—El Paso 2013, no pet.) (elements a, b(1), c); *Metallurgical Indus. v. Fourtek, Inc.*, 790 F.2d 1195, 1204 (5th Cir. 1986) (element b(3)).

15. Grace cannot prevail on its cause of action against Defendants for common-law trade secret misappropriation because there is no evidence that Defendants used or disclosed a trade secret owned by Grace, the Plaintiff in this suit, which was not even in existence at the time Schmidt worked for GIC. Grace, also, cannot demonstrate that Schmidt misappropriated GIC's trade secrets. Moreover, in Grace's responses to Requests for Production, attached hereto as

6

Exhibit F, Grace admits it has no documents evidencing its claims for trade secret misappropriation. *See* attached Exhibit F, Discovery Responses Nos. 34–38 (stating Grace has "**no documents responsive to th[ese] request[s]**"). In addition, the deposition testimony of Mr. Bi, Grace's owner, also revealed he has no personal knowledge or evidence to support Grace's allegations of trade secret misappropriation besides his own paranoia and conjecture. *See* Exhibit G, Deposition of Frank Bi, p. 21 Ln 1-25, p. 28 Ln 7-17, p. 30 Ln 9-24, p. 31 Ln 3-10, p. 32 Ln 20-25, p. 36 Ln. 4-9, p. 51 Ln 6-13, p. 53 Ln 1-5, p. 56 Ln 11-15, p. 61 Ln 4-13, p. 62 Ln 15-24, p. 63 Ln 5-16 (**stating that he was told: that "Mel Schmidt was disclosing [confidential information]" but that Bi did not seek to find out what was being disclosed; that he "think[s] Mr. Schmidt" disclosed confidential information; that "he could not tell" what core holder OFITE currently uses; that he "do[esn't] have information about OFITE design changes after 2012 on their HTHP linear swell meter"; and that his evidence of Schmidt's disclosure of Grace's trade secrets was that "Mr. Cruz said that [Schmidt] was attending those meetings and the - - a device (sic), Grace product information,"** amongst other things). Consequently, Grace is without any evidence to support an essential element of its claim of trade secret misappropriation.

16. In addition, Grace cannot prevail on its claim for trade secret misappropriation because there is no evidence that Grace has suffered any injury. *See* attached Exhibit F, Discovery Response No. 58 (stating Grace has "**no documents responsive to this request**"). Without any evidence to support either actual misappropriation of trade secrets or any resultant injury, Grace has no evidence of three essential elements of common-law trade secret misappropriation. Therefore, summary judgment against Grace is proper.

7

**D.** **There is no evidence of essential elements of Grace's cause of action against Defendants for breach of fiduciary duty.**

17.     Defendants are entitled to a no-evidence summary judgment on Grace's cause of action for breach of fiduciary duty because there is no evidence to support at least one of the essential elements of Grace's cause of action. To prevail on a cause of action against Defendants for breach of fiduciary duty, Grace must prove the following:

      a.     Grace and Schmidt had a fiduciary relationship;

      b.     Schmidt breached his fiduciary duty to Grace or was induced to breach his fiduciary duty by OFITE;

      c.     Defendants' breach resulted in

          (1)    injury to Grace, or

          (2)    benefit to Schmidt or OFITE.

The elements can be found in the following: *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999) (element b); *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 513-14 (Tex. 1942) (elements a, b, c(2)); *Plotkin v. Joekel*, 304 S.W.3d 455, 479 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (elements a, b, c(1), (2)).

18.     Grace's claim for breach of fiduciary duty is first predicated on Schmidt having a fiduciary relationship with Grace instead of his former employee GIC. As discussed in the preceding paragraphs, the only potential fiduciary relationship Schmidt had was with his former employer GIC. The Plaintiff in this lawsuit never employed Schmidt and was only in existence two years after Schmidt was no longer a GIC employee. Thus, Plaintiff Grace does not have any evidence to show Schmidt owes it fiduciary obligations.

19.     Equally important, Grace's claim also requires a showing that Schmidt misappropriated Grace's intellectual property and trade secret information. *See* Exhibit A, Petition,

8

p. 10 ¶ 35. However, as discussed in the preceding paragraphs, Grace can provide no documentary evidence or competent testimony to support any claims of misappropriation. *See* Exhibit F, Discovery Responses Nos. 42–45 (stating Grace has "**no documents responsive to th[ese] request[s].**"). *See* also Exhibit G, Deposition of Frank Bi p. 21 Ln 1-25, p. 28 Ln 7-17, p. 30 Ln 9-24, p. 31 Ln 3-10, p. 32 Ln 20-25, p. 36 Ln. 4-9, p. 51 Ln 6-13, p. 53 Ln 1-5, p. 56 Ln 11-15, p. 61 Ln 4-13, p. 62 Ln 15-24, p. 63 Ln 5-16. In addition, Grace has not demonstrated any injury as a result of the alleged misappropriation. *Id.* at No. 58 (stating Grace has "**no documents responsive to this request**"). Consequently, three essential elements of Grace's claim for breach of fiduciary duty are without any evidentiary support. As a result, this Court should issue summary judgment in Defendants' favor for this cause of action.

**E.     There is no evidence of essential elements of Grace's cause of action against Defendants for tortious interference with prospective business relations.**

20.     Defendants are entitled to a no-evidence summary judgment on Grace's cause of action for tortious interference with prospective business relations because there is no evidence to support at least one of the essential elements of Grace's cause of action. To prevail on a cause of action against Defendants for tortious interference with prospective business relations, Grace must prove the following:

a.     There was a reasonable probability that Grace would have entered into a business relationship with a third party;

b.     Defendants intentionally interfered with the relationship;

c.     Defendants' conduct was independently tortious or unlawful;

d.     The interference proximately caused Grace's injury; and

e.     Grace suffered actual damage or loss.

*Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

9

21.     Grace cannot prevail on its cause of action against Defendants for tortious interference with prospective business relations because Grace has no evidence to support its allegations. *See* Exhibit F, Discovery Response No. 48 (stating Grace has **"no documents responsive to this request"**). Moreover, Grace has not specified or evidenced any prospective relationship that was lost because of Defendant's alleged actions. Furthermore, Grace has no documents to support any claim of injury as a result of any action on the part of Defendants. *See* attached Exhibit F, Discovery Response No. 58 (stating Grace has **"no documents responsive to this request"**). Given that three out of the five essential elements of Grace's claim for tortious interference with prospective relationship are wholly unsupported by any evidence, this Court should issue summary judgment in Defendants' favor as to these claims.

**F.     There is no evidence of essential elements of Grace's cause of action against Schmidt for violating the Texas Theft Liability Act.**

22.     Schmidt is entitled to a no-evidence summary judgment on Grace's cause of action for violating the Texas Theft Liability Act because there is no evidence to support at least one of the essential elements of Grace's cause of action. To prevail on a cause of action against Schmidt for violating the Texas Theft Liability Act ("*TTLA*"), Grace must prove the following:

    a.     Grace had a trade secret;

    b.     Schmidt unlawfully appropriated the trade secret by taking it without Grace's effective consent or Schmidt appropriated the property with the intent to deprive Grace of the property; and

    c.     Grace sustained damages as a result of the theft.

TEX. CIV. PRAC. & REM. CODE §134.003(a) (element b); TEX. PEN. CODE §31.03(a), (b) (elements a-c).

23.     At the outset, Grace's TTLA claims are flawed because Schmidt has never had any affiliation with Grace, the Plaintiff in this suit, and has been an OFITE employee prior to and since

10

Plaintiff Grace came into existence as an entity in 2012. Grace can provide no evidence showing any relationship between Schmidt and Plaintiff Grace. Grace's allegations of Schmidt's employment prior to OFITE all center on GIC, a non-existent non-party to this suit.

24. Further, Grace cannot prevail on its cause of action against Schmidt for violating the Texas Theft Liability Act because there is no evidence that Schmidt unlawfully appropriated any Grace or GIC trade secret or that Schmidt appropriated a trade secret with the intent to deprive Grace or GIC of that trade secret. *See* attached Exhibit F, Discovery Responses Nos. 34-38 (stating Grace has "**no documents responsive to th[ese] request[s]**"). *See also* Exhibit G, Deposition of Frank Bi, p. 21 Ln 1-25, p. 28 Ln 7-17, p. 30 Ln 9-24, p. 31 Ln 3-10, p. 32 Ln 20-25, p. 36 Ln. 4-9, p. 51 Ln 6-13, p. 53 Ln 1-5, p. 56 Ln 11-15, p. 61 Ln 4-13, p. 62 Ln 15-24, p. 63 Ln 5-16 (**stating that he was told: that "Mel Schmidt was disclosing [confidential information]" but that Bi did not seek to find out what was being disclosed; that he "think[s] Mr. Schmidt" disclosed confidential information; that "he could not tell" what core holder OFITE currently uses; that he "do[esn't] have information about OFITE design changes after 2012 on their HTHP linear swell meter"; and that his evidence of Schmidt's disclosure of Grace's trade secrets was that "Mr. Cruz said that [Schmidt] was attending those meetings and the - - a device (sic), Grace product information,"** amongst other things). In fact, Grace has not identified what, if any, trade secrets have been misappropriated. *Id.* As with its other claims, in this instance, Grace also cannot demonstrate any injury as a result of Schmidt's alleged acts or omissions. *See* attached Exhibit F, Discovery Response No. 58 (stating Grace has "**no documents responsive to this request**"). Therefore, Grace cannot sustain its claim that Schmidt violated the Texas Theft Liability Act.

**G.     There is no evidence of essential elements of Grace's cause of action against Schmidt for breach of contract.**

25.     Schmidt is entitled to a no-evidence summary judgment on Grace's cause of action for breach of contract, (i.e., breach of the Employee Agreement), because there is no evidence to support at least one of the essential elements of Grace's cause of action.  To prevail on a cause of action against Schmidt for breach of contract, Grace must prove the following:

      a.     There is a valid, enforceable contract;

      b.     Schmidt breached the contract; and

      c.     Schmidt's breach caused Grace to suffer injury.

*Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*, 409 S.W.3d 808, 813-14 (Tex. App.—Dallas 2013, no pet.).

26.     Grace cannot prevail on its cause of action against Schmidt for breach of contract because there is no valid and enforceable contract between Plaintiff Grace and Schmidt.  As discussed above, the Employment Agreement, for which Grace seeks enforcement, was between Schmidt and GIC.  As discussed above, non-party GIC has been a non-existent entity since 2013.  Furthermore, even if Grace were to somehow demonstrate that it has the authority to prosecute claims on the part of GIC, there is no evidence that Schmidt breached the Employee Agreement by disclosing or misappropriating any of GIC's or Grace's proprietary and trade secret information. *See* attached Exhibit F, Discovery Responses Nos. 20, 21, 27, 34–37, 39, 40, 46–51, and 54–56 (stating Grace has **"no documents responsive to th[ese] request[s]."**).  In addition, to sustain a claim for breach of contract, Grace bears the burden of proof as to its sustained damages as a result of the alleged breach.  Grace, however, is unable to do so. *See* attached Exhibit F, Discovery Response No. 58 (stating Grace has **"no documents responsive to this request"**).  Because Grace has no contractual relationship with Schmidt and cannot provide competent summary judgment

12

evidence showing any breach on the part of Schmidt or of any resulting damages, Grace's claim for breach of contract necessarily fails. For this reason, this Court should enter summary judgment in Defendants' favor.

**PRAYER**

For the foregoing reasons, Defendants ask the Court to grant this motion for summary judgment, and for such other legal and equitable relief to which Defendants are justly entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY

By: ___/s/ Josh N. Bowlin___
William S. Helfand
State Bar No. 09388250
Bill.Helfand@Chamberlainlaw.com
Josh N. Bowlin
State Bar No. 24036253
Josh.Bowlin@Chamberlainlaw.com
Shannon A.S. Quadros
State Bar No. 24072766
Shannon.Quadros@Chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 658-1818
Telecopier: (713) 658-2553

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via hand delivery; **facsimile and Email** on January 9, 2015, to the following:

Alfonso Kennard, Jr.
Kennard Blankenship Robinson P.C.
5433 Westheimer Rd., Suite 825
Houston, Texas 77056
Fax: 713-742-0951
E-mail: Ronald.Dupree@Kennardlaw.com;
　　　　Alfonso.Kennard@Kennardlaw.com


　　　　　　　　　　　　　　　　_____/s/ Josh N. Bowlin_____
　　　　　　　　　　　　　　　　　　　Josh N. Bowlin


1688327.4
120691.000001

14