In re **H & R BLOCK FINANCIAL ADVISORS, INC. and Robert Bullock, Relators.**

No. 04–0061.

Supreme Court of Texas.

Aug. 24, 2007.

Marianne R. Sulser, Sean Higgins, Brown McCarroll LLP, Houston, for Relators.

Lisa Powell, Daniel Keith Worthington, Atlas & Hall, L.L.P, McAllen, for Real Parties in Interest.

PER CURIAM.

After losing a substantial investment in the Enron debacle, two investors sued their investment advisor and his firm. Although they had signed contracts with the firm containing broad arbitration clauses, they sought to avoid them on grounds that (1) the firm had changed its name, and (2) the employee did not sign the contracts in his personal capacity. Because all the other terms of the parties' contracts could not

be avoided on these grounds, neither could the arbitration clauses. Accordingly, we conditionally grant mandamus relief. *See In re Weekley Homes, L.P.,* 180 S.W.3d 127, 130 (Tex.2005) ("Mandamus relief is proper to enforce arbitration agreements governed by the FAA.").

In 1992 and again in 1996, Robert and Gilda Bonds entered into investment account agreements with Olde Discount Corporation. Both contracts contained arbitration clauses covering "any and all controversies or claims arising out of the relationship established by this agreement or any corresponding agreement to arbitration." Robert Bullock, an Olde employee, signed both on Olde's behalf. When Olde changed its name in 2000 to H & R Block Financial Advisors, Inc., Bullock continued to advise the Bonds, and recommended investments in Enron Corporation. In 2001, H & R Block sent the Bonds an Addendum to their account agreements that changed some terms but did not mention arbitration.

In October 2002, the Bonds sued H & R Block and Bullock alleging negligence, gross negligence, fraud, breach of fiduciary duty, and violations of the Texas Securities Act and the Texas Deceptive Trade Practices Act. The Bonds sought recovery of their entire $119,031.92 investment in Enron. H & R Block and Bullock moved to stay proceedings pursuant to the Federal Arbitration Act.[1] The trial court denied the motion, and the court of appeals denied mandamus relief. 235 S.W.3d 261, 2003 WL 22512038 (Tex.App.-Corpus Christi 2003).

■ The Bonds concede signing an arbitration agreement with Olde, but argue that H & R Block and Bullock are nonsignatories who cannot invoke it. But H & R Block established that it was the same company as Olde, now operating under a different name. H & R Block tendered affidavits and a Certificate of Amendment showing that Olde amended its Articles of Incorporation in July 2000 to change its name to H & R Block. Under ordinary legal principles, a contracting party that has merely changed its name is still a contracting party. *See, e.g., Coulson v. Lake LBJ Mun. Util. Dist.,* 781 S.W.2d 594, 595 (Tex.1989); *Texas Co. v. Lee,* 138 Tex. 167, 157 S.W.2d 628, 630 (1941). Accordingly, the company's change of name does not prevent it from invoking its own arbitration agreements. *See Contec Corp. v. Remote Solution Co.,* 398 F.3d 205, 207 (2d Cir.2005); *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.,* 10 F.3d 753, 757 (11th Cir.1993).

■ Nor can the Bonds skirt arbitration with Bullock when the substance of the suit is against both him and his employer. Bullock had no duty to provide investment advice to the Bonds but for their contract with Olde/H & R Block, and the damages the Bonds seek is the investment they made through that contract. As Bullock's liability arises from and must be determined by reference to the parties' contract rather than general obligations imposed by law, the suit is subject to the contract's arbitration provisions. *In re Weekley Homes, L.P.,* 180 S.W.3d 127, 131–32 (Tex. 2005); *see also In re Vesta Ins. Group, Inc.* 192 S.W.3d 759, 762 (Tex.2006) ("When contracting parties agree to arbitrate all disputes 'under or with respect to' a contract (as they did here), they generally intend to include disputes about their agents' actions. . . .").

---

[1] The defendants also moved to compel arbitration under the Texas Arbitration Act and filed an interlocutory appeal related thereto. We do not address that claim as the court of appeals determined that the FAA applies and neither party contests that determination.

■ The Bonds claim the 2001 Addendum (which contained no arbitration clause) overrides the earlier account agreements (which did). But the Addendum's first two sentences expressly incorporate all nonconflicting terms of the earlier agreements:

> The following are changes and/or additions to your *Investor Account Agreement* that you may have signed previously.... [W]here conflict exists, this addendum shall control and be binding on you.

As the Addendum was silent regarding arbitration, it did not conflict with the existing arbitration provisions and thus left them intact.

Finally, the Bonds assert the trial court properly refused to compel arbitration because the evidence regarding Olde's name change was not produced promptly in response to discovery requests. But even if exclusion were a proper discovery sanction (a question we do not reach), the trial court did not exclude it here; to the contrary, the court gave the Bonds extra time to respond to the evidence before ruling on the motion. By the time the trial court made that ruling three months later, the Bonds had filed nothing contradicting Olde's change of name evidence. Once this undisputed evidence was tendered, the court was not at liberty to ignore it.

Accordingly, without hearing oral argument, *see* TEX.R.APP. P. 52.8(c), we conditionally grant the writ of mandamus and direct the trial court to order that the Bonds' claims proceed to arbitration. Our writ will not issue unless the trial court fails to do so.