

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-07-353-CV

## IN RE BNP PARIBAS

### On Petition for Writ of Mandamus

## NUMBER 13-07-358-CV

BNP PARIBAS,                                                    Appellant,

v.

VIRGO COMMODITIES CORP., ET AL.,                               Appellees.

### On Appeal from the 107th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez, Justices Garza and Vela**
**Memorandum Opinion by Justice Vela**

Relator, BNP Paribas ("BNP"), brought a petition for writ of mandamus and interlocutory appeal contesting the trial court's denial of its motion to compel arbitration. For the reasons discussed below, we conditionally grant the petition for mandamus, Cause No. 13-07-353-CV, and, granting full relief under our mandamus jurisdiction, we dismiss as moot the interlocutory appeal, Cause No. 13-07-358-CV. *See Am. Std. v. Brownsville Indep. Sch. Dist.*, 196 S.W.3d 774, 781 (Tex. 2006).

## I. Background

Real parties in interest, Virgo Commodities Corp., Alamo Feeders, Inc., Mid Valley Grain Co., USA Meat and Grain Co., Inc., and The Laredo Grain Co., buy and sell agricultural commodities such as grain. BNP executed identical master sale and purchase agreements with each of the real parties through which BNP helped finance the real parties' operations by purchasing their accounts receivable. The master sale and purchase agreements contained an arbitration clause and were signed by BNP's employee, Jovenal "Jerry" M. Cruz.

Real parties in interest demanded arbitration against BNP and Cruz alleging, inter alia, that Cruz made unauthorized demands for payment to real parties while employed by BNP.

Arbitration commenced, but Cruz failed to appear or pay for his share of the fees. Real parties brought suit in state court against Cruz, then subsequently included BNP as a defendant in that suit. In the state court proceeding, BNP filed a motion to compel arbitration. The trial court denied BNP's motion to compel arbitration. This original

proceeding and interlocutory appeal ensued. This Court granted an emergency stay of the trial court proceedings and requested a response from the real parties in interest.[1] The Court also consolidated the petition for writ of mandamus and interlocutory appeal.

## II. Federal or State Arbitration

We first address whether this matter is governed by the Federal Arbitration Act ("FAA") or the Texas General Arbitration Act ("TGAA"). *See* 9 U.S.C. §§ 1-16; TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001-.098 (Vernon 2005); *In re Educ. Mgmt. Corp.*, 14 S.W.3d 418, 422 (Tex. App.–Houston [14th Dist.] 2000, orig. proceeding) (holding that question of whether transaction affects interstate commerce, and thus whether federal act governs, is one of fact where arbitration agreement is silent as to application of federal or Texas act). The FAA "applies to all suits in state or federal court when the dispute concerns 'a contract evidencing a transaction involving commerce.'" *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269-70 (Tex. 1992) (orig. proceeding) (quoting 9 U.S.C.S. § 2 (2000)); *In re Profanchik*, 31 S.W.3d 381, 384 (Tex. App.–Corpus Christi 2000, orig. proceeding). The United States Supreme Court has held that the word "involving" in the FAA is broad and the functional equivalent of "affecting," signaling Congress's intent to exercise its Commerce Clause powers to the fullest. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 268 (1995); *L&L Kempwood Assocs., L.L.P., v. Omega Builders, Inc.*, 9 S.W.3d 125, 127 (Tex. 1999) (orig. proceeding) (per curiam).

---

[1] The Court GRANTS the motion for leave to file a responsive brief filed by real parties in interest and DENIES relator's motion to strike the real parties' responsive brief. Any other motions, not disposed of herein, or previously disposed of by this Court, are DISMISSED as moot.

BNP, a French Public Limited Company, acted through its Houston unincorporated branch in entering the master sale and purchase agreements with real parties. The real parties in interest are all Texas corporations. Pursuant to the agreements, BNP purchased accounts receivable from the real parties in interest. The accounts receivable represent debt obligations owed to the real parties by Mexican importers of United States agricultural products. Real parties utilized the proceeds from the sales of their accounts receivable to BNP to purchase agricultural products from the Midwest, which were then shipped into Texas and sold into Mexico.

We conclude that the master sale and purchase agreements evidenced interstate commerce. *See* 9 U.S.C. § 1 (stating that the definition of "commerce" includes, inter alia, commerce among the several States or with foreign nations); *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (discussing the impact of economic transactions, such as commercial lending, on interstate commerce); *see also Serv. Corp. Int'l v. Lopez*, 162 S.W.3d 801, 807-08 (Tex. App.–Corpus Christi 2005, no pet.); *Stewart Title Guar. Co. v. Mack*, 945 S.W.2d 330, 333 (Tex. App.–Houston [1st Dist.] 1997, orig. proceeding); *see also Anglin*, 842 S.W.2d at 270. Accordingly, the transactions at issue are governed by the FAA.

## III. Standard of Review

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or

4

apply the law. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005). The relator has the burden to establish that the trial court abused its discretion. *See id.* If a trial court erroneously denies a party's motion to compel arbitration under the FAA, the movant has no adequate remedy at law and is entitled to a writ of mandamus. *In re Nexion Health at Humble, Inc.*, 173 S.W.3d 67, 69 (Tex. 2005); *Serv. Corp. Int'l*, 162 S.W.3d at 808.

## IV. Validity and Scope of the Arbitration Agreement

A party seeking to compel arbitration by a writ of mandamus must establish the existence of a valid agreement to arbitrate under the FAA and show that the claims in dispute are within the scope of the agreement. *In re Bank One, N.A.*, 216 S.W.3d 825, 826 (Tex. 2007) (per curiam); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). In determining the validity of agreements to arbitrate which are subject to the FAA, we generally apply state-law principles governing the formation of contracts. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Whether a valid arbitration agreement exists is a legal question subject to de novo review. *Am. Std.*, 196 S.W.3d at 781. If the trial court finds there is a valid agreement to arbitrate, the burden shifts to the party opposing arbitration to prove his defenses. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

Once a valid agreement to arbitrate has been established, the court must then determine whether the nonmovants' claims fall within the scope of the arbitration clause. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001). To determine whether an existing arbitration agreement covers a party's claims, a court must "focus on the

5

complaint's factual allegations rather than the legal causes of action asserted." *Id.* at 754. Federal policy embodied in the FAA favors agreements to arbitrate and courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration. *Id.* at 753. If the arbitration agreement encompasses the claims and the party opposing arbitration has failed to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings. *Id.* at 753-54; *D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 866-67 (Tex. App.–Houston [14th Dist.] 2006, no pet.); *Feldman/Matz Interests, L.L.P. v. Settlement Capital Corp.*, 140 S.W.3d 879, 883 (Tex. App.–Houston [14th Dist.] 2004, no pet.).

> The master sale and purchase agreements provide that:

> Upon the demand of either Buyer or Seller, any dispute between the parties that concerns any purchased Account or that arises out of the relationship of the parties under this Agreement or any document delivered hereunder shall be resolved by binding arbitration held in Houston, Texas.

The Agreement was signed by Jerry M. Cruz Vice President, on behalf of BNP, and was notarized by Cruz "on behalf of said bank."

We conclude that BNP has established valid agreements to arbitrate with real parties in interest. We also conclude that the real parties' claims, which concern additional payments made under the agreements, fall squarely within the broad scope of the arbitration provision, which applies to "any dispute between the parties" regarding the purchased accounts or any dispute "that arises out of the relationship of the parties." *See Am. Std. v. Brownsville Indep. Sch. Dist.*, 196 S.W.3d at 783.

Real parties contend that BNP lacks standing to compel arbitration because an arbitration agreement, requiring arbitration between real parties and Cruz, individually,

6

does not exist. Real parties further argue that BNP lacks standing to assert the right to arbitration on behalf of Cruz.

The Texas Supreme Court has addressed a similar situation wherein investors sued their individual investment advisor and his employer, but sought to avoid arbitration on grounds that the arbitration agreement at issue had been signed by their investment advisor in his capacity as an agent for his employer, but not in his personal capacity. *In re H&R Block Fin. Advisors, Inc.*, 235 S.W.3d 177, 178 (Tex. 2007). The court rejected this argument thusly:

> Nor can the Bonds skirt arbitration with Bullock when the substance of the suit is against both him and his employer. Bullock had no duty to provide investment advice to the Bonds but for their contract with Olde/H&R Block, and the damages the Bonds seek is the investment they made through that contract. As Bullock's liability arises from and must be determined by reference to the parties' contract rather than general obligations imposed by law, the suit is subject to the contract's arbitration provisions. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 131-32 (Tex. 2005); *see also In re Vesta Ins. Group, Inc.* 192 S.W.3d 759, 762 (Tex. 2006) ("When contracting parties agree to arbitrate all disputes 'under or with respect to' a contract (as they did here), they generally intend to include disputes about their agents' actions . . .").

*See id.* Such is the case herein. As stated previously, the arbitration agreement was signed by Cruz on behalf of BNP. When the principal, that is, BNP, is bound by a valid arbitration agreement, "its agents, employees, and representatives are covered by that agreement." *Merrill Lynch Trust Co. FSB v. Alaniz*, 159 S.W.3d 162, 168 (Tex. App.–Corpus Christi 2004, orig. proceeding); *McMillan v. Computer Translation Sys. & Support, Inc.*, 66 S.W.3d 477, 481 (Tex. App.–Dallas 2001, orig. proceeding). Accordingly, Cruz, as an employee of BNP, is included in the arbitration agreement at issue. Moreover, as a signatory and party to the arbitration agreement, BNP clearly has standing to assert

7

the right to arbitrate. *In re Choice Homes, Inc.*, 174 S.W.3d 408, 412 (Tex. App.–Houston [14th Dist.] 2005, orig. proceeding) ("To have standing a party must be affected by the controversy at hand.").

We would further note that real parties brought the same causes of action against both BNP and Cruz and alleged concerted, coordinated acts by these parties, and all of real parties' causes of action arise from the same operative facts concerning the payment of extra-contractual fees. *See Brown v. Anderson*, 102 S.W.3d 245, 250 (Tex. App.–Beaumont 2003, pet. denied) (finding substantially interdependent and concerted misconduct where the causes of action against the non-signatory defendants are "based upon the same operative facts and are inherently inseparable from the causes of action against the signatory-defendant"). Accordingly, we reject the real parties' arguments pertaining to standing.

Because an order denying arbitration must be upheld if it is proper on any basis considered by the trial court, we will next consider real parties' alleged defenses to the agreement. *See In re H.E. Butt Grocery Co.*, 17 S.W.3d 360, 367 (Tex. App.–Houston [14th Dist.] 2000, orig. proceeding); *City of Alamo v. Garcia*, 878 S.W.2d 664, 665 (Tex. App.–Corpus Christi 1994, no writ).

## V. Defenses

In real parties' response to BNP's motion to compel arbitration, real parties raise three defenses to the motion to compel. First, real parties contend that BNP has materially breached its agreement to arbitrate by failing to pay one-half of the costs of arbitration. In the instant case, BNP and real parties, collectively, each paid one-third of the arbitration fees. Cruz failed to pay his one-third share. Under protest, BNP has now paid Cruz's

8

share of the fees. Accordingly, this issue is effectively moot. *See Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (matter is "moot" if the issues presented in the case are no longer "live" or if the parties lack a legally cognizable interest in the outcome). Moreover, we would note that real parties' complaint regarding BNP's alleged failure to pay its share of the arbitration fees is a matter of procedural arbitrability, and thus is a matter to be determined at arbitration. *See In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 352 (Tex. App.–Austin 2007, orig. proceeding).

Second, real parties also contend that BNP materially breached the arbitration agreement by calling into question the inherent fairness of the arbitration procedure. In this regard, real parties specifically allege that BNP engaged in improper, ex parte communications with the arbitration tribunal. The record before the Court fails to contain evidence substantiating any such alleged improper communications. We conclude that real parties have failed to carry their burden to establish this alleged defense to arbitration.

Finally, real parties contend that complete relief cannot be afforded in arbitration given Cruz's failure to participate in arbitration. We need not address this alleged defense in detail, however, because real parties' generalized allegation of harm is not substantiated by affidavit or other evidentiary support. *Cf. In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999) (requiring non-movant to present evidence of defenses to arbitration). Moreover, real parties' argument is belied by the International Dispute Resolution Procedures, applicable in the instant case, which specifically provide that if a party fails to file a statement of defense, fails to appear at a hearing, or fails to produce evidence, the arbitration "tribunal may proceed with the arbitration" and "may make the [arbitration] award on the evidence before it." Accordingly, we reject this alleged defense

9

to the arbitration agreement.

VI.  Conclusion

A party denied the right to arbitration under the FAA has no adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion.  *See L&L Kempwood Assocs.*, L.P., 9 S.W.3d at 128.  Because we conclude that the trial court clearly abused its discretion in denying arbitration of the parties' dispute, we conditionally grant mandamus relief.  The stay previously imposed by this Court is lifted.  *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided.").  We direct the trial court to vacate its order denying arbitration and to issue an order compelling arbitration.

We are confident that the trial court will comply and our writ will issue only if it does not.  Having finally disposed of the petition for mandamus in Cause No. 13-07-353-CV, we dismiss as moot the interlocutory appeal in Cause No. 13-07-358-CV.  *See Am. Std. v. Brownsville Indep. Sch. Dist.*, 196 S.W.3d at 781.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 29th day of May, 2008.