Petition for Writ of Mandamus Conditionally Granted, Stay Lifted, and
Opinion filed August 28, 2008








 

Petition
for Writ of Mandamus Conditionally Granted, Stay Lifted, and Opinion filed
August 28, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00450 -CV

____________

 

IN RE H&R BLOCK FINANCIAL ADVISORS, INC., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I
O N

Relator
H&R Block Financial Advisors, Inc. filed the instant mandamus action
seeking an order compelling the respondent[1]
to enforce a contractual arbitration clause.  Real party Andrew Michael Krynik
opposes enforcement, asserting that the arbitration provision is moot and that
H&R Block waived arbitration by substantially invoking the judicial
process.  We conditionally grant the petition.








I.  Factual and
Procedural Background

When
Krynik was a minor, his father opened two Uniform Gift to Minor Act accounts
with The Olde Discount Corporation, now H&R Block.  On January 30, 2008,
Krynik sued H&R Block and his ex-stepmother, Julie Vieshe.  Krynik contends
that H&R Block wrongfully released his account proceeds to Vieshe, who
absconded with the funds.  H&R Block timely answered the suit, and asserted
as an affirmative defense that Krynik=s claims are subject to the following
contractual arbitration clause:

You agree to submit any and all controversies or claims arising out of
the relationship established by this agreement . . . to arbitration to be
conducted according to the rules and procedures of the New York Stock Exchange,
Inc. (NYSE) or the National Association of Securities Dealers, Inc. (NASD), as
you may elect, unless the claim or controversy is otherwise found not to be
arbitrable. . . .

. . . . 

Arbitration must be commenced by service of a written demand for
arbitration and should indicate the election of NYSE or NASD arbitration
proceedings.

 

Two weeks after
answering, H&R Block moved to dismiss the lawsuit and compel arbitration
under both the Texas General Arbitration Act and Federal Arbitration Act. 
Krynik responded initially that he did not sign the investor=s agreement; his father did.  As a
nonsignatory, Krynik denied that his claims were subject to the arbitration
agreement.  Accordingly, H&R Block moved for summary judgment and argued
that, if Krynik was disavowing any contractual claims, the remainder of Krynik=s causes of action were time-barred.








At the
hearing, Krynik acknowledged that his claims were subject to the arbitration
clause.  However, he argued that H&R Block substantially invoked the
judicial process by moving for summary judgment, thereby waiving arbitration. 
The trial court suggested that, in lieu of arbitration per the terms of the
arbitration clause, that is, according to the rules of the NYSE or NASD, the
parties appear before a local arbitrator instead.  H&R Block declined that
invitation, insisting that the trial court enforce the clause as written.  The
trial court denied the arbitration motion.

This
mandamus proceeding ensued.  On June 5, we stayed all underlying proceedings
pending resolution of this mandamus action.

                                       II. 
Mandamus Standard of Review

Mandamus
relief will lie if the relator establishes a clear abuse of discretion for
which there is no adequate remedy by appeal.  In re AutoNation, Inc.,
228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding).  A trial court clearly
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to constitute a clear and prejudicial error of law.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With respect to the
resolution of factual issues, we will not disturb the trial court=s ruling unless the record clearly
demonstrates that the trial court reasonably could have reached only one
decision.  See id. at 839B40.  By contrast, review of a trial
court=s determination of legal principles
is much less deferential.  See id. at 840.  A trial court has no
discretion in determining what the law is, or in applying the law to the facts;
therefore, a clear failure by the trial court to analyze or apply the law
correctly constitutes an abuse of discretion.  Id.  Because a
trial court cannot abuse its discretion in reaching a correct result for the
wrong reasons, we will uphold the trial court=s order on any ground supported by
the record.  See In re ExxonMobil Corp., 97 S.W.3d 353, 358 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding); Luxenberg v. Marshall, 835 S.W.2d 136, 141B42 (Tex. App.CDallas 1992, orig. proceeding).

III.  Mootness








We first
address Krynik=s mootness claim, because mootness is a threshold issue that implicates
subject matter jurisdiction.  See Speer v. Presbyterian Children=s Home & Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993); Labrado
v. County of El Paso, 132 S.W.3d 581, 589 (Tex. App.CEl Paso 2004, no pet.).  Generally,
Krynik contends that both the NYSE and NASD ceased offering arbitration in July
2007.  Krynik further claims that the rules and procedures of both entities no
longer exist, and that we therefore lack jurisdiction to order relief that has
become impossible.[2]  We disagree.

The
mootness doctrine prevents courts from rendering advisory opinions, which are
outside the jurisdiction conferred by article II, section 1 of the Texas
Constitution.  See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821,
822 (Tex. 2000).  An issue may become moot when a party seeks a ruling on some
matter which, when rendered, would not have any practical legal effect on a
then-existing controversy.  See City of Farmers Branch v. Ramos, 235
S.W.3d 462, 469 (Tex. App.CDallas 2007, no pet.); Tex. Health Care Info. Council v.
Seton Health Plan, Inc., 94 S.W.3d 841, 846B47 (Tex. App.CAustin 2002, pet. denied).  Stated
differently, an issue may be moot if it becomes impossible for the court to
grant effectual relief for any reason.  See Williams v. Lara, 52 S.W.3d
171, 184 (Tex. 2000).  However, the mootness doctrine has no application here,
because the arbitration clause may be enforced according to its terms.








The
agreed-upon clause requires the parties to submit their dispute to arbitration Aaccording to the rules and procedures@ of the NYSE or NASD.  Those two
entities were consolidated following final regulatory approval from the
Securities and Exchange Commission on July 26, 2007.  See Fin. Indus.
Regulatory Auth., Inc. v. Fiero, 882 N.E.2d 879, 880 n.* (N.Y. 2008).  The
terms of consolidation called for the NYSE to transfer its member regulatory
services to the NASD, which then changed its name to the Financial Industry
Regulatory Authority (AFINRA@).[3]  Id. 
Although the NASD has changed its name, FINRA continues to apply the NASD
arbitration rules and procedures.[4]  Lesjak v.
New England Fin., 879 N.E.2d 1129, 1130 n.1 (Ind. Ct. App. 2008) (AIn July 2007, the NASD consolidated
its operations and merged with another entity, though the rules governing
arbitrations remain unchanged.@) (emphasis added); Herbert J.
Sims & Co. v. Roven, 548 F. Supp. 2d 759, 762B63 (N.D. Cal. 2008) (AFINRA arbitrations are governed by
the NASD Code of Arbitration Procedure.@).  Therefore, it is not impossible
for the parties to arbitrate their dispute under the NASD arbitration rules and
principles.  In fact, courts continue to enforce NYSE or NASD arbitration
clauses by referring parties to FINRA arbitration.  See, e.g., In re H&R
Block Fin. Advisors, Inc., 235 S.W.3d 177, 179 (Tex. 2007) (orig.
proceeding) (enforcing H&R Block arbitration clause in an opinion dated
August 24, 2007, after the effective date of the NASD/FINRA transaction); Shammami
v. Broad Street Sec., Inc., 544 F. Supp. 2d 585, 586, 588 (E.D. Mich.
2008).[5]

Therefore,
because the arbitration provision may be enforced as written, we hold that the
arbitration issue is not moot.  Accordingly, we have subject matter
jurisdiction over this mandamus proceeding and will address Krynik=s contention that H&R Block
waived arbitration by moving for summary judgment.








IV.  Waiver

Krynik
acknowledges the general validity of the arbitration provision, arguing instead
that H&R Block waived enforcement when it moved for summary judgment.[6] 
We disagree.

A party
waives its right to arbitration if it substantially invokes the judicial
process to its opponent=s detriment.  See In re Bruce Terminix Co., 988 S.W.2d
702, 704 (Tex. 1998) (orig. proceeding).  Because public policy favors
arbitration, the Federal Arbitration Act[7]
imposes a strong presumption against finding waiver.  See id.  The
burden of demonstrating waiver Afalls even more heavily@ when, as here, the party seeking
arbitration included a demand for arbitration in its original answer.  Keytrade
USA, Inc. v. Ain Temouchent M/V, 404 F.3d 891, 897 (5th Cir. 2005).

Krynik
cites only Price v. Drexel Burnham Lambert, Inc. to support his claim
that H&R Block substantially invoked the judicial process.  791 F.2d 1156
(5th Cir. 1986).  Price does not stand for the proposition that a
summary judgment motion, filed in the alternative to an arbitration demand, is
sufficient to result in waiver.  The Price court, as with Keytrade,
placed special emphasis on whether the party requested arbitration in its
original pleading:

A demand
for arbitration puts a party on notice that arbitration may be forthcoming, and
therefore, affords that party the opportunity to avoid compromising its
position with respect to arbitrable and nonarbitrable claims.  Conversely,
where a party fails to demand arbitration during pretrial proceedings, and, in
the meantime, engages in pretrial activity inconsistent with an intent to
arbitrate, the party later opposing a motion to compel arbitration may more
easily show that its position has been compromised, i.e., prejudiced.








 

Id. at 1160B61.  The party seeking arbitration in
Price did far more than simply move for summary judgment as an
alternative to its arbitration demand.  See id. at 1158B59.  The Fifth Circuit has concluded
that an alternative summary judgment motion, by itself, does not waive
enforcement of an arbitration clause:

First, KUSA
argues that CNAN waived its right because it filed an extensive summary
judgment motion B in excess of 100 pages B with little evidence of an indication for arbitration.  KUSA offers no
legal authority for why a motion for summary judgment, filed from a defensive
posture, can be characterized as an invocation of judicial process.  Even
assuming, arguendo, that it is, CNAN concurrently filed a motion to
compel arbitration in the alternative to its motion for summary judgment, removing
any doubt as to waiver.

 

Keytrade, 404 F.3d at 897B98 (second emphasis added).  

Moreover,
the Texas Supreme Court recently confirmed that waiver is decided not on one
factor but, rather, on a totality-of-the-circumstances test.  See In re
Fleetwood Homes of Tex., L.P., ___ S.W.3d ___, 2008 WL 2487094, at *2 (Tex.
June 20, 2008) (orig. proceeding) (citing Perry Homes v. Cull, ___
S.W.3d ___, 2008 WL 1922978 (Tex. May 2, 2008)).  Whether a party seeks a
judicial decision on the merits of the case may be one factor in
determining waiver, but it is not the only factor.  Perry Homes,
___ S.W.3d ___, 2008 WL 1922978, at *5.  With respect to the Perry Homes
factors, the mandamus record demonstrates that:

$          H&R Block, the movant, is the defendant and did no more
than respond to Krynik=s lawsuit;

$          H&R Block immediately asserted the arbitration clause as
an affirmative defense and moved for enforcement within two weeks of answering
the lawsuit; and








$          the summary judgment motion filed by H&R Block was
presented as an alternative to its arbitration demand, only after Krynik
claimed that he was not a party to the contract containing the arbitration
clause.[8]

See Perry Homes, ___ S.W.3d ___, 2008 WL 1922978, at
*5.

We
therefore hold that, as a matter of law, H&R Block did not substantially
invoke the judicial process so as to waive enforcement of the contractual
arbitration clause.  Because courts are required to enforce
privately-negotiated arbitration agreements in accordance with their terms,[9]
the trial court abused its discretion in denying H&R Block=s motion to compel arbitration.

                                                       V. 
Dismissal or Stay








Because
Krynik=s claims against H&R Block are
arbitrable, the trial court was required to stay the underlying lawsuit.  See
Tex. Civ. Prac. & Rem. Code Ann. '' 171.021(c), 171.025 (Vernon 2005).[10]  
Krynik argues that, because H&R Block requested dismissal B and not a stay B of his lawsuit, the trial court did
not abuse its discretion in denying this request.  Although we agree that
dismissal is not mandatory, the trial court abused its discretion in failing to
compel arbitration and stay the underlying proceedings.

Because Krynik=s claims against H&R Block are
arbitrable, the trial court judge was required, at a minimum, to stay the
proceedings and order those claims to arbitration.  See id. ' 171.021(c) (AAn order compelling arbitration must
include a stay of any proceeding[.]@).  Because he failed to do so,
mandamus relief is warranted.  See Fleetwood Homes, ___ S.W.3d ___, 2008
WL 2487094, at *3.

VI.  Conclusion

We lift
our stay order previously entered on June 5, 2008.  We conditionally grant the
petition for a writ of mandamus, and direct the trial court judge to stay the
underlying lawsuit and compel Krynik=s claims against H&R Block to
arbitration.  The writ will issue only if the trial court fails to act in
accordance with this opinion.

 

 

   /s/   Eva M. Guzman

Justice

 

 

Petition
Conditionally Granted, Stay Lifted, and Opinion filed August 28, 2008.

Panel consists of
Chief Justice Hedges, and Justices Frost and Guzman 

 









[1]  The Honorable R. Jack Cagle, presiding judge of
Harris County Court at Law No. 1





[2]  Although Krynik did not raise this argument before
the trial court, mootness may be raised for the first time on appeal inasmuch
as the parties must have a justiciable controversy at every stage of the legal
proceedings, including the appeal.  See, e.g., Bd. of Adjustment of City of
San Antonio v. Wende, 92 S.W.3d 424, 427 (Tex. 2002).





[3]  The details of the consolidation are set forth in a
release from the Securities and Exchange Commission.  See Allocation of
Regulatory Responsibilities, Exchange Act Release No. 34-56148, 72 Fed. Reg.
42146-01, 2007 WL 2186049 (July 26, 2007).





[4]  See FINRA, Arbitration & Mediation B Code of Arbitration Procedure, available at http://www.finra.org/ArbitrationMediation/Arbitration/CodeofArbitrationProcedure/p009566;
NASD Code of Arbitration Procedure for Customer Disputes, available at http://www.finra.org/web/groups/
rules_regs/documents/rule_filing/p018365.pdf.





[5]  We note that Shammami involved an arbitration
clause requiring the parties to submit their controversy to Aarbitration before the [NYSE] . . . or the
[NASD].@  Shammami, 544 F. Supp. 2d at 586 (emphasis
added).  The Michigan court enforced the clause by referring the parties to
NASD/FINRA arbitration.  See id. at 588.  By contrast, the arbitration
clause in this case does not specify an arbitrator, and instead merely requires
the parties to arbitrate their dispute using the Arules and procedures@ of the
now-consolidated entities.





[6]  At the hearing, Krynik=s counsel conceded, AI agree that
before they moved for summary judgment there was an enforceable arbitration
agreement in the contract.@





[7]  H&R Block requested arbitration under both the
TAA and FAA.  Krynik does not contest that the FAA applies, or that mandamus
relief is proper to enforce an arbitration agreement governed by the FAA.  See
In re Weekley Homes, L.P., 180 S.W.3d 127, 130 (Tex. 2005) (orig.
proceeding).





[8]  We are not persuaded by Krynik=s suggestion that the summary judgment motion was not
filed as an alternative to the arbitration demand.  H&R Block=s motion to compel arbitration was filed first, on
March 13, 2008.  The summary judgment motion was filed more than a month later,
on April 22, only after Krynik argued that the arbitration agreement was
unenforceable as to him.  The lead paragraphs in the summary judgment motion
demonstrate that H&R Block requested summary judgment solely as an
alternative to its arbitration demand:

Plaintiff has sued HRBFA for his ex-stepmother=s alleged conversion of funds from two Uniform Gift to
Minors Act (AUGMA@) Accounts.  Both
accounts, which were opened for Plaintiff by his father[,] had arbitration
clauses.  When HRBFA moved to enforce these agreements, Plaintiff argued that
he cannot be compelled to arbitration because he did not sign and is not a
party to the account agreements

. . . .

Plaintiff cannot have it both ways.  Having attempted to escape arbitration by disavowing
a contractual relationship, his claims are now barred by the 2 year statute of
limitations.

At the hearing on both motions, H&R Block=s counsel recounted these events and expressly
described the summary judgment motion as Aalternative.@  He requested first that the trial court order the
case to arbitration but that, if the judge would not enforce arbitration, the
summary judgment motion be granted.  The trial court specifically recited that
he understood the summary judgment to be subject to the ruling on the
arbitration demand.





[9]  Volt Info. Scis., Inc. v. Bd. of Trs. of Leland
Stanford Junior Univ., 489 U.S. 468, 478 (1989).





[10]  Even where an arbitration agreement may be subject
to the FAA, we still apply Texas law to resolve procedural issues.  Citigroup
Global Mkts., Inc. v. Brown, ___ S.W.3d ___, 2008 WL 3016922, at *5 n.2
(Tex. App.CHouston [14th Dist.] Aug. 5, 2008, orig. proceeding); Southland
Corp. v. Keating, 465 U.S. 1, 16 (1984).