02-09-295-CV















 

 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-09-295-CV

 

 


 
 
 MOHAMAD KASSIRA
 
 
  
 
 
 APPELLANT
 
 


 

V.

 


 
 
 RHE HATCO, INC. D/B/A HATCO
 
 
  
 
 
 
 
 APPELLEE
 
 


 

 

------------

 

FROM COUNTY COURT
 AT LAW NO. 1 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

I.  Introduction

 

          Following judgment in the trial court
awarding RHE Hatco, Inc. d/b/a Hatco, formerly known as Hat Brands, Inc., $44,475.22
for an outstanding account balance, Appellant Mohamad Kassira contends in two
issues that he was not the proper party responsible for the debt and that the
trial court lacked jurisdiction.  We will
affirm.

II.  Background

 

          On or about May 15, 1996, Hatco
extended an open account to Kassira on behalf of Western Fashion[2]
for the purchase of western hats and merchandise.  To establish the credit account, Kassira
completed a new account application and executed a credit agreement.  On the credit agreement, Kassira signed his
name on the authorized signature line and listed his title as “owner.”  The agreement later lists Kassira as a
salesman and his father as “owner.” 
Hatco provided goods to Western Fashion through the open account for the
next several years.  During October 2006,
Western Fashion placed several large orders with Hatco on its account.  Hatco sent Western Fashion the goods around
December 2006.  Payment for those
shipments was due between January and March 2007.  Despite several collection attempts, Western
Fashion never paid the outstanding invoices. 
The unpaid balance eventually totaled $44,475.22.

          Hatco filed suit against Kassira and
his father in February 2007.  The trial
court entered a default judgment against both defendants in April 2007,
awarding damages to Hatco for the full amount of the unpaid balance.  It later set the judgment aside when the
court granted Kassira’s petition for bill of review.

At
Kassira’s bench trial, Walter Overton, the director of credit for Hatco at the
time the credit account was initiated with Kassira, testified that he handled
Western Fashion’s account.  Overton
stated that he spoke directly with Kassira on multiple occasions over the phone
regarding Western Fashion’s account.  Overton
said that he did not recall ever speaking to Kassira’s father and that he dealt
only with Kassira because Hatco’s files listed Kassira as the owner of Western
Fashion.  Overton averred that at all
times during his dealings with Western Fashion, he believed Kassira to be the
owner.

Leta
French, the director of credit for Hatco at the time of trial, also testified
that she believed Kassira to be the owner of Western Fashion.  French asserted that there was no reason for
Kassira’s name to be listed on the credit agreement if he was merely an
employee of Western Fashion.  French
stated that Hatco’s dealings with Kassira were predicated on the information
included in the credit agreement and for that reason, she believed Kassira to
be the owner because that is what he put on the application.  French further stated that Kassira routinely
signed the checks sent for payment of invoices on the Western Fashion account.

Kassira
testified at trial through a translator.[3]  He stated that he was employed by his father
at Western Fashion as a purchasing agent but had no ownership interest in the
store.  Kassira said that he did not fill
out any information or write on any part of the credit agreement, nor did he
know who actually did fill out the agreement, but that it was, in fact, his
signature on the signature line.  Kassira
said that his father told him to sign the agreement so that Kassira “would have
the right to purchase” but that he did not understand all the consequences of
signing the credit agreement.  By Kassira’s
account, he never spoke with anyone at Hatco and specifically denied ever
having any conversations with Overton. 
Kassira agreed that he signed the checks that were sent to Hatco to pay
Western Fashion invoices, but insisted he was just performing his job duties.

The
trial court entered a judgment awarding Hatco $44,475.22 plus interest and
attorney’s fees.  The court also ordered
that Kassira take nothing on his counterclaims seeking attorney’s fees, expenses,
sanctions, and punitive damages.  This
appeal followed.

Prior
to submission, this court sent two notices to Kassira advising him that
his brief was deficient due to failure to conform with the Texas Rules of
Appellate Procedure.  See Tex. R. App. P. 9.5, 38.

III.  Discussion

Kassira
claims that he is not responsible for the debt owed by Western Fashion to Hatco
because he was not the owner of Western Fashion and was merely an employee of
his father, whom he contends was the owner.  Because this debt was owed by his father, Kassira
claims the debt was discharged when his father filed for bankruptcy.[4]  Hatco responds that Kassira failed to
adequately brief this issue for appellate review and that any alleged error is
therefore waived.

Texas
Rule of Appellate Procedure 38.1(i) states that an appellant’s “brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.”  Tex. R. App. P. 38.1(i).  Furthermore, as a general rule, an appellate
court will not consider an issue raised by an appellant where the appellant
fails to provide any legal argument to support his claim.  See
Hamilton v. Williams, 298 S.W.3d 334, 337 (Tex. App.—Fort Worth 2009, pet. denied).  This is so because an issue unsupported by
citation to any legal authority presents nothing for the court to review.  AMX
Enters., L.L.P. v. Master Realty Corp., 283 S.W.3d 506, 525 (Tex. App.—Fort
Worth 2009, no pet.) (citing Strange v. Cont'l Cas. Co., 126 S.W.3d 676, 678 (Tex.
App.—Dallas 2004, pet. denied), cert. denied, 543 U.S. 1076 (2005)).  Despite previous notification from this court
advising Kassira of the deficiencies, Kassira has generally failed to remedy
his brief.  Nonetheless, given his
pro se status, this Court accepted Kassira’s brief.  But Kassira’s brief is wholly without record citations.  Additionally, Kassira offers no legal
authority to support his position that he gained immunity from the Hatco debt
due to his father’s discharge in bankruptcy. 
While Kassira does seem to present some argument regarding his claim
that Hatco lacked standing to sue, there is no application to Hatco’s evidence
and testimony to the contrary presented at trial.  Lastly, Kassira seemingly asserts that the
trial court erred when it denied his plea to the jurisdiction, but he again
fails to sufficiently employ legal and factual analysis which would show how
error may have occurred.

          Nevertheless, in the interest of
justice, we will address the arguments Kassira attempts to present.  Kassira asserts that Hatco lacked standing to
sue him because the credit agreement signed by Kassira identifies Hatco by its
former name, Hat Brands, Inc.  Kassira
further claims that the trial court erred by denying his plea to the
jurisdiction.  We disagree.

1.   
     Standing

          In his first issue,
Kassira contends that because the name listed on the credit agreement that he
signed on behalf of Western Fashion shows Hat Brands, Inc. as the creditor
entity and not Hatco, there has been no contractual relationship established
between Kassira and Hatco.  As such,
Kassira contends that Hatco has no justiciable interest in this suit and
therefore no standing to initiate suit because it is not the appropriate
creditor.

          For any person to maintain a suit, it is necessary that the person
has standing to litigate the matters in issue.  Standing consists of some interest peculiar to
the person individually and not as a member of the general public.  Hunt v.
Bass, 664 S.W.2d 323, 324 (Tex. 1984). 
The issue of standing focuses on whether a party has a sufficient
relationship with the lawsuit so as to have a justiciable interest in its
outcome.  Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex.
2005).  In Texas, the standing doctrine
requires that there be (1) “a real controversy between the parties” that
(2) “will be actually determined by the judicial declaration sought.”  Nootsie, Ltd. v. Williamson Cnty. Appraisal
Dist., 925 S.W.2d 659, 662 (Tex.
1996) (quoting Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443–44 (Tex.
1993)).  Implicit in these requirements
is that litigants are properly situated to be entitled to a judicial
determination.  Lovato, 171 S.W.3d at 849.  Without standing, a court lacks subject matter
jurisdiction to hear the case.  Tex.
Ass'n of Bus., 852 S.W.2d at 443.  Thus,
the issue of standing may be raised at any time, including for the first time
on appeal.  Id. at 445.

          The testimony at
trial by French, the director of credit for Hatco at the time of trial, and
Overton, the former director of credit at the time the credit agreement with Kassira
was initiated, indicated that Hatco is the entity formerly known as Hat Brands,
Inc. before Hat Brands, Inc. changed its name in 1997.  The credit account extended by Hat Brands,
Inc. remained in effect with Hatco after the name change.

Hatco filed, as part of its response to Kassira’s plea to the
jurisdiction, an affidavit from French stating that Hatco sold goods to Kassira
under the credit agreement and that a systematic record had been kept of the
same.  Hatco offered invoices of the
transactions conducted between Kassira and Hatco and an itemized accounting of
Kassira’s outstanding balance with Hatco. 
Although Kassira argues that Hatco has failed to establish standing
because it has provided no proof of an assignment of the credit agreement from
Hat Brands, Inc. to Hatco, the trial court was free to consider the other
evidence offered by Hatco in determining whether Hatco had standing.  The evidence offered by Hatco shows that an
ongoing purchase-on-credit agreement existed between Hatco and Kassira, that
Kassira continued to do business with Hatco under the same terms and based on
the same course of dealing after Hat Brands, Inc. changed its name to Hatco,
and that Kassira failed to pay for goods and merchandise received from Hatco
via his credit account with them.

          Because Hatco is
the same entity as Hat Brands, Inc., the debt owed by Kassira for the Western
Fashion account is owed to Hatco.  Therefore,
Hatco has a justiciable interest in litigating the debt owed to it for goods
delivered to Western Fashion on its open account.  Hatco has standing to sue Kassira based on
the terms of the credit agreement extended by Hatco to Kassira.  Because Hatco has standing to sue Kassira on
the contract, the trial court had appropriate subject matter jurisdiction to
hear the case.  We overrule Kassira’s
first issue.  See In re H & R Block Fin.
Advisors, Inc., 235 S.W.3d 177, 178 (Tex. 2007) (holding that a
contracting party that has merely changed its name is still a contracting party);
see also In re ReadyOne Indus., Inc.,
294 S.W.3d 764, 771 (Tex. App.—El Paso 2009, no pet.) (holding that a corporate
name change does not affect the contractual obligations of parties existing
prior to the name change)  (citing Tex.
Bus. Orgs. Code Ann. § 3.056, 3.057 (Vernon Supp. 2008)).

2.   
     Plea to the Jurisdiction

In his second issue, Kassira seems to assert that the trial court
erred by denying his plea to the jurisdiction. 
Kassira used a plea to the jurisdiction as the vehicle to raise his
standing complaint in the trial court.

A plea to the jurisdiction is a dilatory plea used to defeat a
cause of action without regard to whether the claims asserted have merit.  Tarrant
Cnty. v. McQuary, 310 S.W.3d 170, 172 (Tex. App.—Fort Worth 2010, pet. denied)
(citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)); City of Fort Worth v.
Shilling, 266 S.W.3d 97,
101 (Tex. App.—Fort Worth 2008, pet. denied)).  The plea challenges a trial court’s authority
to hear a case by alleging that the factual allegations in the plaintiff’s
pleadings, when taken as true, fail to invoke the trial court’s jurisdiction.  El Paso
Cmty. Partners v. B & G/Sunrise Joint Venture, 24 S.W.3d 620, 623 (Tex.
App.—Austin 2000, no pet.).  Whether the
trial court had subject matter jurisdiction is a question of law we review de
novo.  McQuary, 310 S.W.3d at 172 (citing Tex. Natural Res.
Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002)).

Because we have already established that Hatco had standing to sue
Kassira for the outstanding balance on the Western Fashion account, we need not
address this issue any further.  The
trial court did not err by denying Kassira’s plea to the jurisdiction.  We overrule Kassira’s second issue.

IV.  Conclusion

Having overruled both of Kassira’s issues, we affirm the trial
court’s judgment.

 

 

 

                                                                             
 
 
 
 
 
 
 
 
 BILL MEIER

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 DAUPHINOT, 
 
 
 
 
 
 WALKER, and 
 
 
 
 
 
 MEIER, JJ.

 

DELIVERED:  September 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]Kassira
and his father owned and operated the proprietorship Western Fashion a/k/a
Western Fashion Design, Inc. 





[3]Overton
testified that Kassira both understood and spoke English and that he conducted
all his business with Hatco in English.





[4]The
record indicates that Hussein Kassira’s debt to Hatco was discharged under
Chapter 7 of the Bankruptcy Code on or around May 7, 2008.