

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-09-295-CV

MOHAMAD KASSIRA                                                    APPELLANT

V.

RHE HATCO, INC. D/B/A                                              APPELLEE
HATCO

------------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Following judgment in the trial court awarding RHE Hatco, Inc. d/b/a Hatco,

formerly known as Hat Brands, Inc., $44,475.22 for an outstanding account

balance, Appellant Mohamad Kassira contends in two issues that he was not the

---

[1]*See* Tex. R. App. P. 47.4.

proper party responsible for the debt and that the trial court lacked jurisdiction. We will affirm.

## II. BACKGROUND

On or about May 15, 1996, Hatco extended an open account to Kassira on behalf of Western Fashion[2] for the purchase of western hats and merchandise. To establish the credit account, Kassira completed a new account application and executed a credit agreement. On the credit agreement, Kassira signed his name on the authorized signature line and listed his title as "owner." The agreement later lists Kassira as a salesman and his father as "owner." Hatco provided goods to Western Fashion through the open account for the next several years. During October 2006, Western Fashion placed several large orders with Hatco on its account. Hatco sent Western Fashion the goods around December 2006. Payment for those shipments was due between January and March 2007. Despite several collection attempts, Western Fashion never paid the outstanding invoices. The unpaid balance eventually totaled $44,475.22.

Hatco filed suit against Kassira and his father in February 2007. The trial court entered a default judgment against both defendants in April 2007, awarding damages to Hatco for the full amount of the unpaid balance. It later set the judgment aside when the court granted Kassira's petition for bill of review.

---

[2]Kassira and his father owned and operated the proprietorship Western Fashion a/k/a Western Fashion Design, Inc.

2

At Kassira's bench trial, Walter Overton, the director of credit for Hatco at the time the credit account was initiated with Kassira, testified that he handled Western Fashion's account. Overton stated that he spoke directly with Kassira on multiple occasions over the phone regarding Western Fashion's account. Overton said that he did not recall ever speaking to Kassira's father and that he dealt only with Kassira because Hatco's files listed Kassira as the owner of Western Fashion. Overton averred that at all times during his dealings with Western Fashion, he believed Kassira to be the owner.

Leta French, the director of credit for Hatco at the time of trial, also testified that she believed Kassira to be the owner of Western Fashion. French asserted that there was no reason for Kassira's name to be listed on the credit agreement if he was merely an employee of Western Fashion. French stated that Hatco's dealings with Kassira were predicated on the information included in the credit agreement and for that reason, she believed Kassira to be the owner because that is what he put on the application. French further stated that Kassira routinely signed the checks sent for payment of invoices on the Western Fashion account.

Kassira testified at trial through a translator.[3] He stated that he was employed by his father at Western Fashion as a purchasing agent but had no ownership interest in the store. Kassira said that he did not fill out any information or write on any part of the credit agreement, nor did he know who

---

[3]Overton testified that Kassira both understood and spoke English and that he conducted all his business with Hatco in English.

actually did fill out the agreement, but that it was, in fact, his signature on the signature line. Kassira said that his father told him to sign the agreement so that Kassira "would have the right to purchase" but that he did not understand all the consequences of signing the credit agreement. By Kassira's account, he never spoke with anyone at Hatco and specifically denied ever having any conversations with Overton. Kassira agreed that he signed the checks that were sent to Hatco to pay Western Fashion invoices, but insisted he was just performing his job duties.

The trial court entered a judgment awarding Hatco $44,475.22 plus interest and attorney's fees. The court also ordered that Kassira take nothing on his counterclaims seeking attorney's fees, expenses, sanctions, and punitive damages. This appeal followed.

Prior to submission, this court sent two notices to Kassira advising him that his brief was deficient due to failure to conform with the Texas Rules of Appellate Procedure. See Tex. R. App. P. 9.5, 38.

## III. DISCUSSION

Kassira claims that he is not responsible for the debt owed by Western Fashion to Hatco because he was not the owner of Western Fashion and was merely an employee of his father, whom he contends was the owner. Because this debt was owed by his father, Kassira claims the debt was discharged when

4

his father filed for bankruptcy.[4]  Hatco responds that Kassira failed to adequately brief this issue for appellate review and that any alleged error is therefore waived.

Texas Rule of Appellate Procedure 38.1(i) states that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."  Tex. R. App. P. 38.1(i). Furthermore, as a general rule, an appellate court will not consider an issue raised by an appellant where the appellant fails to provide any legal argument to support his claim.  *See Hamilton v. Williams*, 298 S.W.3d 334, 337 (Tex. App.— Fort Worth 2009, pet. denied).  This is so because an issue unsupported by citation to any legal authority presents nothing for the court to review.  *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 525 (Tex. App.—Fort Worth 2009, no pet.) (citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied,* 543 U.S. 1076 (2005)). Despite previous notification from this court advising Kassira of the deficiencies, Kassira has generally failed to remedy his brief.  Nonetheless, given his pro se status, this Court accepted Kassira's brief.  But Kassira's brief is wholly without record citations.  Additionally, Kassira offers no legal authority to support his position that he gained immunity from the Hatco debt due to his father's discharge in bankruptcy.  While Kassira does seem to present some argument regarding his claim that Hatco lacked standing to sue, there is no application to

---

[4]The record indicates that Hussein Kassira's debt to Hatco was discharged under Chapter 7 of the Bankruptcy Code on or around May 7, 2008.

5

Hatco's evidence and testimony to the contrary presented at trial. Lastly, Kassira seemingly asserts that the trial court erred when it denied his plea to the jurisdiction, but he again fails to sufficiently employ legal and factual analysis which would show how error may have occurred.

Nevertheless, in the interest of justice, we will address the arguments Kassira attempts to present. Kassira asserts that Hatco lacked standing to sue him because the credit agreement signed by Kassira identifies Hatco by its former name, Hat Brands, Inc. Kassira further claims that the trial court erred by denying his plea to the jurisdiction. We disagree.

## 1. Standing

In his first issue, Kassira contends that because the name listed on the credit agreement that he signed on behalf of Western Fashion shows Hat Brands, Inc. as the creditor entity and not Hatco, there has been no contractual relationship established between Kassira and Hatco. As such, Kassira contends that Hatco has no justiciable interest in this suit and therefore no standing to initiate suit because it is not the appropriate creditor.

For any person to maintain a suit, it is necessary that the person has standing to litigate the matters in issue. Standing consists of some interest peculiar to the person individually and not as a member of the general public. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d

6

845, 848 (Tex. 2005). In Texas, the standing doctrine requires that there be (1) "a real controversy between the parties" that (2) "will be actually determined by the judicial declaration sought." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993)). Implicit in these requirements is that litigants are properly situated to be entitled to a judicial determination. *Lovato*, 171 S.W.3d at 849. Without standing, a court lacks subject matter jurisdiction to hear the case. *Tex. Ass'n of Bus.*, 852 S.W.2d at 443. Thus, the issue of standing may be raised at any time, including for the first time on appeal. *Id.* at 445.

The testimony at trial by French, the director of credit for Hatco at the time of trial, and Overton, the former director of credit at the time the credit agreement with Kassira was initiated, indicated that Hatco is the entity formerly known as Hat Brands, Inc. before Hat Brands, Inc. changed its name in 1997. The credit account extended by Hat Brands, Inc. remained in effect with Hatco after the name change.

Hatco filed, as part of its response to Kassira's plea to the jurisdiction, an affidavit from French stating that Hatco sold goods to Kassira under the credit agreement and that a systematic record had been kept of the same. Hatco offered invoices of the transactions conducted between Kassira and Hatco and an itemized accounting of Kassira's outstanding balance with Hatco. Although Kassira argues that Hatco has failed to establish standing because it has

7

provided no proof of an assignment of the credit agreement from Hat Brands, Inc. to Hatco, the trial court was free to consider the other evidence offered by Hatco in determining whether Hatco had standing. The evidence offered by Hatco shows that an ongoing purchase-on-credit agreement existed between Hatco and Kassira, that Kassira continued to do business with Hatco under the same terms and based on the same course of dealing after Hat Brands, Inc. changed its name to Hatco, and that Kassira failed to pay for goods and merchandise received from Hatco via his credit account with them.

Because Hatco is the same entity as Hat Brands, Inc., the debt owed by Kassira for the Western Fashion account is owed to Hatco. Therefore, Hatco has a justiciable interest in litigating the debt owed to it for goods delivered to Western Fashion on its open account. Hatco has standing to sue Kassira based on the terms of the credit agreement extended by Hatco to Kassira. Because Hatco has standing to sue Kassira on the contract, the trial court had appropriate subject matter jurisdiction to hear the case. We overrule Kassira's first issue. *See In re H & R Block Fin. Advisors, Inc.,* 235 S.W.3d 177, 178 (Tex. 2007) (holding that a contracting party that has merely changed its name is still a contracting party); *see also In re ReadyOne Indus., Inc.,* 294 S.W.3d 764, 771 (Tex. App.—El Paso 2009, no pet.) (holding that a corporate name change does not affect the contractual obligations of parties existing prior to the name change) (citing Tex. Bus. Orgs. Code Ann. § 3.056, 3.057 (Vernon Supp. 2008)).

8

### 2.    Plea to the Jurisdiction

In his second issue, Kassira seems to assert that the trial court erred by denying his plea to the jurisdiction. Kassira used a plea to the jurisdiction as the vehicle to raise his standing complaint in the trial court.

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Tarrant Cnty. v. McQuary*, 310 S.W.3d 170, 172 (Tex. App.—Fort Worth 2010, pet. denied) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)); *City of Fort Worth v. Shilling*, 266 S.W.3d 97, 101 (Tex. App.—Fort Worth 2008, pet. denied)). The plea challenges a trial court's authority to hear a case by alleging that the factual allegations in the plaintiff's pleadings, when taken as true, fail to invoke the trial court's jurisdiction. *El Paso Cmty. Partners v. B & G/Sunrise Joint Venture*, 24 S.W.3d 620, 623 (Tex. App.—Austin 2000, no pet.). Whether the trial court had subject matter jurisdiction is a question of law we review de novo. *McQuary*, 310 S.W.3d at 172 (citing *Tex. Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002)).

Because we have already established that Hatco had standing to sue Kassira for the outstanding balance on the Western Fashion account, we need not address this issue any further. The trial court did not err by denying Kassira's plea to the jurisdiction. We overrule Kassira's second issue.

## IV. Conclusion

Having overruled both of Kassira's issues, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DELIVERED:  September 23, 2010